THE POUGHKEEPSIE GAS COMPANY, Respondent, v. THE CITIZENS' GAS COMPANY, Appellant.

Plaintiff, at the request of E., laid a small main in the lands of the latter in front of a row of dwelling-houses, for the purpose of supplying them with gas. It was made large enough to supply annother row of houses, which E. proposed to erect, and was connected with a large main running through a street. E. sold the houses and the owners contracted with defendant to supply their houses with gas. Whereupon defendant disconnected the small main from the large main in the street and connected it with its own main laid in the same street. *Held*, that an action to restrain defendant from so using said small main and to compel it to reconnect it with plaintiff's large main, was maintainable ; that the action of defendant was a trespass upon plaintiff's property, and the character of the injury was such that an injunction was proper.

(Argued April 20, 1882 ; decided October 10, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made at the February term, 1880, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term. (Reported below, 20 Hun, 214.)

This action was brought to restrain defendant from using or interfering with a small gas main laid by plaintiff, which had been severed by defendant from a large gas main laid in a street, and to compel defendant to reconnect it.

The plaintiff and defendant are both gas manufacturing companies, organized under the Law of 1848, located at the city of Poughkeepsie, and authorized by the common council of that city to use its streets. The plaintiff commenced business in 1850, and the defendant in 1875. Prior to, and until, April 1, 1874, Harvey G. Eastman was the owner of certain real

estate and premises in said city, known and commonly designated as "Eastman terrace," or "Terrace block." The east end of the block bounds on South avenue, the only public street contiguous to the premises, which is an extension of Market street. At the time of the agreement made between the plaintiff and Eastman, hereinafter referred to, the block consisted of ten lots, with a house erected on each. Beyond the houses, were certain other lots owned by Eastman, upon which he contemplated the erection of other buildings. Both the plaintiff and defendant laid gas-mains on Market street and South avenue. Prior to 1874, the plaintiff, at its own cost and ex pense, at the request of Eastman, laid a main three inches in diameter, from its main in South avenue, across that portion of South avenue which lay between its main and the premises of Eastman, extending in front of the houses on the Terrace block, and upon the premises of Eastman, for a distance of about two hundred and thirty-eight feet, for the purpose of supplying these houses with gas. It also laid surface pipes leading from the main into each of the houses in question, through which it served gas to two of the ten houses. It was found that the main, as laid, was larger than was necessary to serve the ten houses, and was thus laid at the request of Eastman, with a view of serving other houses that might thereafter be erected on the vacant lots lying beyond the houses in question. Subsequently, Eastman conveyed the premises in question to trustees, and the trustees and Eastman afterward conveyed the houses to several owners, by deed. The gas-pipe was not mentioned or referred to in any of said conveyances. In 1879, the occupants of these houses agreed and consented to take gas of the defendant's company, in the place and stead of plaintiff's gas, and to have the defendant supply their respective houses and premises with gas. The defendant entered upon South avenue and severed the connection of the gas-main leading from the plaintiff's large main, in South avenue, to, and in front of, the houses in Terrace block, and connected said main with its own main, on South avenue, and proposed to supply said houses and premises with gas. After

the act complained of, the owner of the house on the block nearest to South avenue, applied to again take the gas of the plaintiff.

*Matthew Hale* for appellant. A mere trespass will not authorize the interference of a court of equity ; unless the injury will be irreparable the court will leave the party to his remedy at law. (*Jerome* v. *Ross*, 7 Johns. Ch. 315 ; *Hart* v. *Mayor*, 3 Paige, 213 ; *S. C.* affirmed, 9 Wend. 571 ; *Akrill* v. *Selden*, 1 Barb. 316 ; High on Injunctions [2d ed.], § 697 ; *T. & B. R. R. Co.* v. *B. H. T. & W. R. R. Co.*, decided by Ct. of App., October, 1881.) There can be no pretense that the plaintiff had acquired any easement or right to supply the buildings on the terrace with gas. (Washburn on Easements, 6, 7 ; 1 R. S. 738, § 137 ; id. 766, § 1.) The main laid by plaintiff was a fixture. (*Murdock* v. *Gifford*, 18 N. Y. 28 ; *Potter* v. *Cornwell*, 41 id. 278, 295 ; *Voorhees* v. *McGinnes*, 48 id. 278, 284 ; *McRea* v. *Cent. N. Bk. of Troy*, 66 id. 489 ; *Walmsley* v. *Mills*, 7 C. B. [N. S.] 115 ; *Hoyle* v. *P. & M. R. R. Co.*, 54 N. Y. 354 ; *Richardson* v. *Copeland*, 6 Gray, 536 ; *Sudbury* v. *Jones*, 8 Cush. 184 ; *Richtmyer* v. *Morss*, 4 Abb. App. Dec. 55.) The judgment cannot be sustained upon the ground that the plaintiff had an unrevoked license to use the pipe. A court of equity will never interfere in restraint of a trespass unless complainant's title is first established. The injury threatened must be to the inheritance. (High on Injunctions [2d ed.], §§ 698, 701, 850 ; *Hart* v. *Mayor*, 9 Wend. 572 ; *Olmstead* v. *Loomis*, 6 Barb. 152 ; Washburn on Easements, 5 ; *Wolfe* v. *Frost*, 4 Sandf. Ch. 72, 91 ; *Ex parte Coburn*, 1 Cow. 468.) A conveyance by Eastman of the *locus in quo* would be *per se* a revocation. (Washburn on Easements, 6 ; *Wallis* v. *Harrison*, 4 M. & W. 538 ; *Miller* v. *Auburn, etc., R. R. Co.*, 6 Hill, 61, 64.) While a license may be a good defense to an act of trespass for an act committed before the license was revoked, it will never justify an action of trespass by the licensee for an interference by the licensor or any person acting under his authority, or a bill in equity for an injunction

to restrain interference with such license. (*Wolfe* v. *Frost*, 4 Sandf. Ch. 72; *Selden* v. *D. & H. C. Co.*, 29 N. Y. 634, 639; *Fentiman* v. *Smith*, 4 East, 107; *Hewlins* v. *Shipman*, 5 B. & C. 221; *Cocker* v. *Cooper*, 1 C. M. & R. 418; *Bryan* v. *Whistler*, 5 B. & C. 288; *Cook* v. *Stearns*, 11 Mass. 533; *Mumford* v. *Whitney*, 15 Wend. 380; *Ex parte Coburn*, 1 Cow. 570; *Babcock* v. *Utter*, 1 Abb. App. Dec. 27; *Phelps* v. *Nolan*, 72 N. Y. 39, 43; *Murdock* v. *P. Pk., etc., R. R. Co.*, 73 id. 579, 584; *Wiseman* v. *Lucksinger*, 84 id. 31.) The various owners of the houses on the terrace property became the owners of so much of the main as lay in their soil, subject only to an easement in favor of each other owner. (*Flint* v. *Bacon*, 13 Hun, 457; *Butterworth* v. *Crawford*, 46 N. Y. 349.)

*Mr. Lown* for respondent. Eastman could not convey the premises and so deprive plaintiff of his rights under his license and agreement, as the present owners have never revoked such license, or authorized the defendant to take possession of the plaintiff's main. (*Flint* v. *Bacon*, 13 Hun, 457; *Nellis* v *Munson*, 24 id. 577; *Curtis* v. *Ayrault*, 47 N. Y. 73; *Tompson* v. *Milks*, 21 id. 505.) A parol license to lay down the main was sufficient. (10 Barb. 496; 6 N. Y. 279; 22 id. 336; 15 Wend. 380; 13 Hun, 170; 6 Hill, 61.)

TRACY, J. We are of opinion that many of the questions which were pressed upon our attention upon the argument are not involved in this case, and cannot properly be determined upon this appeal. It may be, as argued by appellant's counsel, that the agreement between the plaintiff and Eastman amounts to nothing more than a license, revocable at his pleasure, or at the pleasure of his grantees; and that, notwithstanding the small main was laid upon his premises, and extended from such premises across a portion of South avenue, to the plaintiff's main, at his request, and upon his agreement that when laid, it should be, and remain, the property of the plaintiff, the plaintiff may now, by a simple revocation of such license, be deprived of the main and of the beneficial use thereof. And

it may be that the owners of the premises can, if they choose, take up such main, or, allowing it to remain, convert it to their own use without making any compensation to plaintiff therefor. No such question is involved in this case. The main was not severed in front of any of the houses upon the terrace, but in the public street, where the plaintiff was unquestionably the owner of both mains.

The agreement alleged and proven between the defendant and the owners of the various houses on the block goes no further than an agreement to take gas of the defendant's company. Their consent that the defendant might use the main upon their premises, for the purpose of supplying them with gas, is neither alleged nor proven. Whatever may be the rights of the owners of the premises in regard to such gas-main, the defendant has not succeeded thereto, and is not at liberty to assert them. The defendant, for the purpose of supplying gas to the houses upon the terrace, instead of laying down a main of its own, entered upon South avenue, at a point leading from the plaintiff's main to the premises in question, severed its connections from said large main, and connected the small main with its own. This it had no right to do. Its act was a trespass upon the plaintiff's property, without justification or excuse. But it is urged, that, conceding that the act of the defendant was a trespass upon the property of the plaintiff, it does not follow that the defendant should be restrained from continuing the wrong by injunction; that the plaintiff's injury may be compensated for in damages. The general rule is, that where the injury is permanent in character, and the damages resulting therefrom continuous in their nature, and especially where, from the nature of the act and the injury suffered, it is impossible, or difficult, to ascertain and determine the extent of the injury which may flow from a continuance of the wrong, an injunction is the proper remedy.

For these reasons, we think the judgment of the General Term, affirming that of the Special Term, is correct, and should be affirmed.

All concur, except Miller, J., absent.

Judgment affirmed.