Coon, J.
In 1926 plaintiffs became the title owners of a tract of land consisting of approximately 190 acres bordering upon Copake Lake in Columbia County, New York. Thereafter plaintiffs subdivided a considerable portion of these premises into building lots and roads. At the time of trial plaintiffs had sold approximately five hundred lots and still owned approximately six hundred lots as well as a portion of the original premises which had not been subdivided. Between the lots, as subdivided, and the waters of Copake Lake, there is a strip of land which was not subdivided. It is the use of a portion of this strip of land by the defendant which is involved in this controversy.
Plaintiffs conveyed four lots from this subdivision by full covenant deed to defendant’s predecessor in title, who in turn conveyed them to defendant. Both of these deeds, as well as the deeds of all other lots sold by the plaintiffs, contained a description of the lots conveyed in fee and, in addition thereto, the following: ‘ ‘ together with the right to use in common with the owners of other lots shown on said map or other lands of the parties of the first part, the highway and street aforesaid, and the lands shown on said map as lying between the tract shown on said map and Copake Lake and the waters of Copake Lake as owned by the said first parties and as part of the consideration .hereinabove expressed, it is covenanted by the said party of the second part that the said premises hereby conveyed will not be used for any purpose other than private residence purposes.”
In the fall of 1948, defendant asked of plaintiffs permission to build a boathouse on the shore of the lake in front of the lots which he owned. Permission was refused. Thereafter defendant began construction of what he now terms a “ dock ” at the shore line of the lake. This structure is U-shaped, is twenty-one feet in length from the shoreline into the waters of the lake, is twenty-four feet wide, one arm of the U being eight feet wide, the other nine feet wide, leaving an opening in the center seven feet wide. It is about two feet high on the shore end and four feet high on the other. When the defendant refused to discontinue such construction after notice, plaintiffs brought this action for an injunction and damages. The case was tried before the court without a jury, and plaintiffs have had judgment restraining the defendant from building a boathouse, commanding him to remove the structure above described and to restore the premises to their original condition, and for $1 damages. From this judgment defendant appeals.
*477 Appellant contends that plaintiffs did not retain the asserted control over this strip of shore line, apparently on the theory that the deeds through which defendant came into title contained' no such express reservation or restriction. No such reservation or restriction was necessary. Nothing was conveyed to defendant except the “ right to use in common with the owners of other lots.” No fee title to any part of the strip of land involved was conveyed to defendant. No exclusive easement or right to exclusive use or occupancy of any portion of this strip of land was conveyed by plaintiffs. As owners of the fee the plaintiffs retained all title and rights which they did not convey. They conveyed only an easement “ to use in common.”
The clause in defendant’s deed quoted above “ must be construed according to the intent of the parties, so far as such intent can be gathered from the whole instrument ”. (Real Property Law, § 240, subd. 3.) The surrounding circumstances, as well as the language of the instrument, should be considered in determining intention. (Booth v. Knipe, 225 N. Y. 390; Matter of City of New York [Northern Blvd.], 258 N. Y. 136.) It seems abundantly clear from the language of the deed that there was conveyed to the defendant the title to the lots in fee and only the easement to use in common the shore line strip. It is equally clear from the evidence that all parties concerned, including other lot owners, understood that the shore line was to be used in common by all lot owners for bathing, boating, fishing and similar purposes, without permanent structures or any exclusive appropriation by anyone. The evidence discloses that such was the practical construction adopted and the practice followed by all until the defendant erected a concrete structure, permanent in nature.
It is of no avail to the defendant to assert his conclusion that the structure is an improvement and is open to the use of other lot owners. The erection of this permanent structure is an unlawful appropriation and occupation of a portion of plaintiffs’ land and is a continuing trespass. Plaintiffs, as owners of the fee and as owners of other lots having a common right to the use of the shore fine, are entitled to full and complete use of all parts of the land in question, unobstructed by a permanent structure.
The fact that only nominal damage was awarded does not defeat plaintiffs’ right to an injunction. (Poughkeepsie Gas Co. v. Citizens’ Gas Co., 89 N. Y. 493.) There the court said, at page 497: “ The general rule is, that where the injury is permanent in character, and the damages resulting therefrom con *478 tinuous in their nature, and especially where, from the nature of the act and the injury suffered, it is impossible, or difficult, to ascertain and determine the extent of the injury which may flow from a continuance of the wrong, an injunction is the proper remedy.” Defendant erected this structure under a claim of right and its continuance may become the foundation or evidence of an adverse right. Under such circumstances an injunction will be granted although damage is slight or even if no actual damage is shown or found. (Amsterdam Knitting Co. v. Dean, 162 N. Y. 278, 280; Strobel v. Kerr Salt Co., 164 N. Y. 303, 323.)
The trial court has made findings amply sustained by the evidence to the effect that the defendant threatened to build a boathouse and, after notice to desist, “ wilfully and wantonly ” built a permanent structure upon the lands of plaintiffs without any right whatsoever. Under these circumstances the injunction requiring defendant to remove the structure is not unduly harsh or oppressive.
The judgment should be affirmed, with costs.
Foster, P. J., Brewster, Deyo and Bergan, JJ., concur.
Judgment affirmed, with costs.