■ MARDERS THE LANDSCAPE STORE, INC., Appellant, v PETER BARYLSKI, Respondent. [756 NYS2d 429] —In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Costello, J.), dated May 8, 2002, which denied its motion for a preliminary injunction.

Ordered that the order is affirmed, with costs.

It is well settled that to be entitled to a preliminary injunction, a movant must demonstrate a likelihood of success on the merits, irreparable harm in the absence of an injunction, and a balancing of the equities in its favor (*see Aetna Ins. Co. v Capasso,* 75 NY2d 860 [1990]; *Grant Co. v Srogi,* 52 NY2d 496 [1981]; CPLR 6301, 6312 [a]). The plaintiff failed to meet its burden (*see Neos v Lacey,* 291 AD2d 434 [2002]; *Skaggs-Walsh,*

*Inc. v Chmiel,* 224 AD2d 680 [1996]; *MacIntyre v Metropolitan Life Ins. Co.,* 221 AD2d 602 [1995]). The plaintiff's contention that a hearing was required upon its motion for a preliminary injunction is without merit (*see* CPLR 6312 [c]). Santucci, J.P., Smith, H. Miller and Adams, JJ., concur.