RICHARD STOCKLEY et al., Appellants, v IGOR GORELIK et al., Respondents. [808 NYS2d 282]—

In an action to permanently enjoin the defendants "from constructing, installing, maintaining, or keeping a deck or other encumbrance or structure in or upon" the common elements of the subject condominium, the plaintiffs appeal from an order of the Supreme Court, Kings County (Johnson, J.), dated October 7, 2004, which denied their motion for a preliminary injunction enjoining the proposed construction. By decision and order on motion dated December 16, 2004, this Court stayed the construction in question pending the hearing and determination of this appeal.

Ordered that the order is reversed, on the law and as a mat-

ter of discretion, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Kings County, to fix an appropriate undertaking pursuant to CPLR 6312.

To establish entitlement to a preliminary injunction, a movant must establish (1) a likelihood or probability of success on the merits, (2) irreparable harm in the absence of an injunction, and (3) a balance of the equities in favor of granting the injunction (*see Aetna Ins. Co. v Capasso*, 75 NY2d 860, 862 [1990]; *Doe v Axelrod*, 73 NY2d 748, 750 [1988]; *Matos v City of New York*, 21 AD3d 936 [2005]). The existence of an issue of fact "shall not in itself be grounds for denial of the motion" (CPLR 6312 [c]; *see Sau Thi Ma v Xuan T. Lien*, 198 AD2d 186, 187 [1993]).

Although two of the plaintiffs gave permission to the defendants "to build a second floor balcony on the rear and the front" of the subject condominium, it is apparent from the record that permission was granted before an architect was retained by the defendants and before the plans for the proposed construction were drafted. Thereafter, the defendants submitted plans and obtained a building permit to construct a structure which extended the entire width of the building and 15 feet out from the building over a common yard, requiring vertical steel supports and installation of footings into the common elements.

The plaintiffs demonstrated that the proposed structure will encroach upon portions of the common elements of the condominium, which may require an easement the defendants did not seek, and would deprive the plaintiffs of the use and enjoyment of certain common elements, as well as portions of their own units. The status quo will not be preserved absent a preliminary injunction. In view of the foregoing, the motion for a preliminary injunction should have been granted. Ritter, J.P., Krausman, Goldstein and Lifson, JJ., concur.