■ ERICA WINZELBERG, Respondent-Appellant, v 1319 50TH REALTY CORP. et al., Appellants-Respondents. [860 NYS2d 185]—

In an action, inter alia, for injunctive relief, the defendants Fimor Construction & Development Corp. and WCH-Fimor Construction Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated December 11, 2006, as, after a hearing, granted the plaintiff's motion for a preliminary injunction to the extent of directing them to share the cost of a remedial grouting procedure to prevent further damage to a building on the plaintiff's property; the defendants 1319 50th Realty Corp., Hisachdus Avreichim of Vein, and Ernest Keller, R.A., separately appeal, and the plaintiff cross-appeals, from the same order.

Ordered that the appeals by the defendants 1319 50th Realty Corp., Hisachdus Avreichim of Vein, and Ernest Keller, R.A., and the cross appeal are dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendants Fimor Construction & Development Corp. and WCH-Fimor Construction Corp., without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for the fixing of an appropriate undertaking pursuant to CPLR 6312.

To establish entitlement to a preliminary injunction, the movant must establish (1) a likelihood or probability of success on the merits, (2) irreparable harm in the absence of an injunction, and (3) a balancing of the equities in favor of granting the injunction. The only element in question is whether there would be irreparable harm in the absence of an injunction. The existence of an issue of fact "shall not in itself be grounds for denial of the motion" (CPLR 6312 [c]; see Stockley v Gorelik, 24 AD3d 535 [2005]). In the instant case, it was undisputed that the excavation in question damaged the plaintiff's building. The defendants' engineer acknowledged that the shift in the lintel on the plaintiff's building was attributable to the construction on the defendants' property, and some of the crack patterns could also be attributed to the construction. Further, the plaintiffs' experts testified that there would be additional irreparable harm. In view of the evidence adduced at the hearing, the Supreme Court properly granted the relief in issue.

The court, in imposing a preliminary injunction, was required to direct the plaintiff to post an undertaking (*see* CPLR 6312 [b]). Accordingly, we remit the matter to the Supreme Court, Kings County, for the fixing of the amount of an undertaking (*see Ying Fung Moy v Hohi Umeki,* 10 AD3d 604 [2004]).

The appellants' remaining contentions are unpreserved for appellate review or without merit. Santucci, J.P., Covello, Belen and Chambers, JJ., concur.