■ WINCHESTER GLOBAL TRUST COMPANY LIMITED, Respondent, v THOMAS B. DONOVAN et al., Appellants. [873 NYS2d 130]—

In an action, inter alia, to set aside allegedly fraudulent conveyances of assets, the defendants appeal from an order of the Supreme Court, Nassau County (Warshawsky, J.), dated July 23, 2007, which granted that branch of the plaintiff's motion which was for a preliminary injunction, among other things, prohibiting them from "directly or indirectly selling, transferring . . . or otherwise disposing of" their assets, "whether in the ordinary course of business or otherwise" during the pendency of this action.

Ordered that the appeal by the defendant First Secured Capital Corporation is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as appealed from

by the defendants Thomas B. Donovan, Pamela Donovan, Thomas B. Donovan Family Trust, First Secured Lien Corporation, Secured Lien Corporation, Secured Partners Corporation, Secured Property Corporation, REO Corp., and First Paper Corporation, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the fixing of an appropriate undertaking pursuant to CPLR 6312.

The plaintiff demonstrated a likelihood of success on the merits, irreparable injury in the absence of a preliminary injunction, and a balance of the equities in its favor, and thus the Supreme Court properly awarded it a preliminary injunction (*see* CPLR 6301; *Glorious Temple Church of God in Christ v Dean Holding Corp.,* 35 AD3d 806, 807 [2006]; *Ruiz v Meloney,* 26 AD3d 485, 486 [2006]). The plaintiff's submission recounted numerous improper asset transfers by the defendants Thomas B. Donovan, Pamela Donovan, Thomas B. Donovan Family Trust, First Secured Lien Corporation, Secured Lien Corporation, Secured Partners Corporation, Secured Property Corporation, REO Corp., and First Paper Corporation (hereinafter the appellants) as well as their attempts to conceal them, in derogation of the plaintiff's perfected security interest. When considered in conjunction with other relevant factors disclosed by the parties' submissions, the uncontrolled sale and disposition by the appellants of their assets would threaten to render ineffectual any judgment which the plaintiff might obtain herein (*see* CPLR 6301). Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was for a preliminary injunction (*see Ying Fung Moy v Hohi Umeki,* 10 AD3d 604, 604 [2004]).

In imposing a preliminary injunction, the Supreme Court was required to direct the plaintiff to post an undertaking (*see* CPLR 6312 [b]). Accordingly, we remit the matter to the Supreme Court, Nassau County, for the fixing of an appropriate undertaking (*see Winzelberg v 1319 50th Realty Corp.,* 52 AD3d 700, 702 [2008]; *Buckley v Ritchie Knop, Inc.,* 40 AD3d 794, 796 [2007]).

The appellants' remaining contentions are without merit. Fisher, J.P., Miller, Carni and Balkin, JJ., concur.