In an action for a permanent injunction, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered January 28, *636 2008, as denied his motion for a preliminary injunction and granted the cross motion of the defendants Howard Schlectus, Victor Gorelick, Francis Winkler, Anthony Byrn, and Janice Meo to dismiss the complaint, in effect, insofar as asserted against them pursuant to CPLR 3211 (a) (3), (7) and (10).
Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff is the owner and occupant of a condominium unit in the Enclave Condominium (hereinafter the condominium), a 24-unit residential condominium in Scarsdale. The defendants Howard Schlectus, Victor Gorelick, Francis Winkler, Anthony Byrn, and Janice Meo (hereinafter collectively the board members) are members of the board of managers of the condominium (hereinafter the board of managers). In March 2007 Schlectus and Gorelick, as president and member of the board of managers respectively, entered into a lease on behalf of the condominium with the defendant Omnipoint Communications, Inc. (hereinafter Omnipoint), permitting Omnipoint to construct and erect a cellular telephone antenna (hereinafter the antenna) on the roof of the condominium, with an accompanying storage area in the condominium’s basement. According to the condominium’s declaration, the roof of the building and all storage spaces constitute common elements.
The plaintiff commenced this action against Omnipoint and the board members for a permanent injunction enjoining and restraining Omnipoint from constructing and erecting the antenna on any part of the common elements of the condominium. The plaintiff subsequently moved for a preliminary injunction enjoining and restraining Omnipoint from, among other things, constructing and erecting the antenna during the pendency of the action. The board members cross-moved to dismiss the complaint, in effect, insofar as asserted against them pursuant to CPLR 3211 (a) (3), (7) and (10). The Supreme Court, inter alia, denied the plaintiff’s motion for a preliminary injunction and granted the cross motion to dismiss the complaint, in effect, insofar as asserted against the board members. We affirm.
To establish entitlement to a preliminary injunction, a movant must establish (1) a likelihood or probability of success on the merits, (2) irreparable harm in the absence of an injunction, and (3) a balance of the equities in favor of granting the injunction (see CPLR 6301; Doe v Axelrod, 73 NY2d 748, 750 [1988]; W.T. Grant Co. v Srogi, 52 NY2d 496, 517 [1981]). “Irreparable injury, for purposes of equity, has been held to mean any injury *637 for which money damages are insufficient” (Matter of Walsh v Design Concepts, 221 AD2d 454, 455 [1995] [internal quotation marks omitted]; see McLaughlin, Piven, Vogel v Nolan & Co., 114 AD2d 165, 174 [1986]). Conversely, “[e]conomic loss, which is compensable by money damages, does not constitute irreparable harm” (EdCia Corp. v McCormack, 44 AD3d 991, 994 [2007]; see Neos v Lacey, 291 AD2d 434, 435 [2002]). The plaintiff failed to allege damages of a noneconomic nature and, thus, failed to demonstrate irreparable harm in the absence of a preliminary injunction (see Automated Waste Disposal, Inc. v Mid-Hudson Waste, Inc., 50 AD3d 1072, 1073 [2008]; Dana Distribs., Inc. v Crown Imports, LLC, 48 AD3d 613 [2008]; cf. Winzelberg v 1319 50th Realty Corp., 52 AD3d 700 [2008]; Stockley v Gorelik, 24 AD3d 535 [2005]). The plaintiffs contention that the Supreme Court was required to hold a hearing on his motion is without merit (see CPLR 6312 [c]; Marders the Landscape Store v Barylski, 303 AD2d 465, 466 [2003]). Accordingly, the Supreme Court properly denied the plaintiffs motion for a preliminary injunction.
With respect to the board members’ cross motion to dismiss the complaint, in effect, insofar as asserted against them, the board members correctly contend that an owner of an individual condominium unit is without standing to assert a claim for damages to the common interest of a condominium (see Caprer v Nussbaum, 36 AD3d 176, 185-186 [2006]). Although an individual unit owner may maintain a derivative action against a condominium’s board of managers on behalf of the condominium (id. at 187-190), the plaintiff did not bring this action as a derivative action. “A complaint the allegations of which confuse a shareholder’s derivative and individual rights will ... be dismissed” (Abrams v Donati, 66 NY2d 951, 953 [1985]). Accordingly, the Supreme Court properly granted the board members’ cross motion to dismiss the complaint, in effect, insofar as asserted against them pursuant to CPLR 3211 (a) (3), (7) and (10). Our determination does not preclude the plaintiff from commencing a new cause of action in a representative capacity on behalf of the condominium.
In light of our determination, we need not reach the parties’ remaining contentions. Rivera, J.P., Balkin, Leventhal and Lott, JJ., concur.