■ S.J.J.K. TENNIS, INC., Respondent, v CONFER BETHPAGE, LLC, Appellant, et al., Defendant. [916 NYS2d 789]—In an action, inter alia, for injunctive relief and to recover damages for breach of contract, the defendant Confer Bethpage, LLC, appeals from an order of the Supreme Court, Nassau County (Buccaria, J.), dated April 6, 2010, which granted the plaintiff's motion for a preliminary injunction, among other things, enjoining the defendants from terminating a management agreement between the parties, on condition of the posting of a $100,000 undertaking.

Ordered that the order is affirmed, with costs.

In order to prevail upon a motion for a preliminary injunction, the moving party has the burden of demonstrating, by clear and convincing evidence, (1) the likelihood of success on the merits of the action, (2) that it will suffer irreparable injury absent the issuance of a preliminary injunction, and (3) that the

balance of equities is in its favor (*see* CPLR 6301; *Aetna Ins. Co. v Capasso*, 75 NY2d 860, 862 [1990]; *Winchester Global Trust Co. Ltd. v Donovan*, 58 AD3d 833, 834 [2009]; *Winzelberg v 1319 50th Realty Corp.*, 52 AD3d 700, 702 [2008]; *Coinmach Corp. v Alley Pond Owners Corp.*, 25 AD3d 642, 643 [2006]; *Stockley v Gorelik*, 24 AD3d 535 [2005]). The purpose of a preliminary injunction is to maintain the status quo pending determination of the action (*see Ruiz v Meloney*, 26 AD3d 485, 486 [2006]; *Ying Fung Moy v Hohi Umeki*, 10 AD3d 604, 605 [2004]). The decision to grant or deny a preliminary injunction rests in the sound discretion of the Supreme Court (*see Doe v Axelrod*, 73 NY2d 748, 750 [1988]; *Ruiz v Meloney*, 26 AD3d at 486; *Ying Fung Moy v Hohi Umeki*, 10 AD3d at 605).

In the instant case, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for a preliminary injunction (*see Mr. Natural v Unadulterated Food Prods.*, 152 AD2d 729, 730 [1989]; *U.S. Ice Cream Corp. v Carvel Corp.*, 136 AD2d 626, 628 [1988]).

The appellant's remaining contention is without merit (*see Ujueta v Euro-Quest Corp.*, 29 AD3d 895, 896 [2006]; *Blueberries Gourmet v Aris Realty Corp.*, 255 AD2d 348, 350 [1998]; *7th Sense v Liu*, 220 AD2d 215, 217 [1995]). Dillon, J.P., Balkin, Leventhal and Chambers, JJ., concur.