SECOND DEPARTMENT, APRIL, 2011

(April 5, 2011)

■ AMELIA ARCAMONE-MAKINANO et al., Respondents, v BRITTON PROPERTY, INC., et al., Appellants. [920 NYS2d 362]—

In an action, inter alia, to permanently enjoin the defendants from trespassing on the plaintiffs' property and to direct the defendants to remove certain encroachments, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), dated August 13, 2010, as granted those branches of the plaintiffs' motion which were to preliminarily enjoin the defendants from "trespassing, fencing, or otherwise engaging in any acts on the plaintiffs' property" and directed them to remove the fencing erected on the plaintiffs' property.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs and the defendants are the owners of adjacent properties located on Britton Avenue in Elmhurst, Queens. The plaintiffs' property is improved with a residence where they currently live. Beginning in or around the Spring of 2008, the defendants began construction of a six-story structure on their property. During the construction, the defendants installed approximately 20 to 30 underpinnings, referred to by the parties as "I-Beams," which encroach approximately 11 inches onto the plaintiffs' property and 18 feet below the ground. In December 2009, the plaintiffs commenced this action, inter alia, to permanently enjoin the defendants from trespassing on the plaintiffs' property and to direct the defendants to remove the encroachments. Thereafter, the plaintiffs moved, inter alia, for a preliminary injunction. In the order appealed from, the Supreme Court granted those branches of the plaintiffs' motion which were to preliminarily enjoin the defendants from "trespassing, fencing, or otherwise engaging in any acts on the plaintiffs' property," and directed the defendants to remove the fencing they erected on the plaintiffs' property. The Supreme Court also directed, pursuant to CPLR 6312 (b), that the plaintiffs post a $20,000 undertaking. The defendants appeal. We affirm the order insofar as appealed from.

To obtain a preliminary injunction, a movant must establish (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) a balancing of the equities in the movant's favor (see CPLR 6312 [c]; *Rowland v Dushin*, 82 AD3d 738 [2d Dept 2011]; *S.J.J.K. Tennis, Inc. v Confer Bethpage, LLC*, 81 AD3d 629 [2011]; *Volunteer Fire Assn. of Tappan, Inc. v County of Rockland*, 60 AD3d 666, 667 [2009]). "The purpose of a preliminary injunction is to preserve the status quo until a decision is reached on the merits" (*Icy Splash*

*Food & Beverage, Inc. v Henckel*, 14 AD3d 595, 596 [2005]). The decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court (*see Trump on the Ocean, LLC v Ash*, 81 AD3d 713 [2011]). The mere existence of an issue of fact will not itself be grounds for the denial of the motion (*see Stockley v Gorelik*, 24 AD3d 535, 536 [2005]).

Here, the Supreme Court providently exercised its discretion in granting the subject branches of the plaintiffs' motion. The plaintiffs demonstrated a likelihood of success on the merits of their trespass cause of action (*see Poughkeepsie Gas Co. v Citizens' Gas Co.*, 89 NY 493 [1882]; *Long Is. Gynecological Servs. v Murphy*, 298 AD2d 504 [2002]; *see generally Stockley v Gorelik*, 24 AD3d at 536), as well as the prospect of irreparable injury if the preliminary injunction is withheld (*see Omakaze Sushi Rest., Inc. v Ngan Kam Lee*, 57 AD3d 497 [2008]; *Sforza v Nesconset Fire Dist.*, 184 AD2d 631, 632 [1992]). Furthermore, the balance of the equities tipped in the plaintiffs' favor.

The defendants' remaining contentions either are without merit or have been rendered academic by our determination. Prudenti, P.J., Dillon, Balkin and Sgroi, JJ., concur.