The appeal from the intermediate order dated February 9, 2011, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the intermediate order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
In its amended complaint, the plaintiff, the Village of Wood-bury, alleged that on August 11, 2006, the defendant Zigmond *698 Brach conveyed a portion of certain real property to the defendant Village of Kiryas Joel (hereinafter Kiryas Joel) without obtaining necessary subdivision approval. The subject property is located within the Village of Woodbury. Thereafter, the plaintiff commenced the instant action against Brach, inter alia, for a judgment declaring that the conveyance of the subject property to Kiryas Joel constituted a subdivision that was illegal and null and void until such time as Brach obtained the appropriate subdivision approval and duly filed the requisite subdivision plat. After Brach served a verified answer, the plaintiff and Brach stipulated that the plaintiff would add Kiryas Joel as a necessary party to the action.
Brach moved pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against him for failure to state a cause of action. In support of his motion, Brach submitted, inter alia, a written agreement, dated October 17, 2007 (hereinafter the Agreement), between the plaintiff and Kiryas Joel. The Agreement states that Kiryas Joel had purchased the subject property from Brach in order to construct “two water towers to ensure an adequate and safe level of water service,” and that the construction of the water towers subsequently was stopped on the ground that Kiryas Joel had not obtained prior approval from the plaintiff. The Agreement further provides, inter alia, that the plaintiff agreed that “the appropriate balancing of the public interests has occurred” and, therefore, Kiryas Joel could complete the construction of the water towers on the subject property. Kiryas Joel also moved, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against it for failure to state a cause of action.
In the order appealed from, the Supreme Court granted the defendants’ respective motions to dismiss the amended complaint insofar as asserted against each of them, determining that the plaintiff had effectively waived its right to subdivision review and approval pursuant to the Agreement with Kiryas Joel. Thereafter, the Supreme Court entered a judgment, upon the order, inter alia, declaring that the plaintiff did not have the lawful right to affect the real property interests of Kiryas Joel by seeking to compel Brach to rescind his deed of conveyance, and that the plaintiff waived its right to the subdivision approval which it sought to compel Brach to apply for and secure. The plaintiff appeals from the order and the judgment.
“On a CPLR 3211 motion to dismiss, the court will ‘accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine *699 only whether the facts as alleged fit within any cognizable legal theory’ ” (Nonnon v City of New York, 9 NY3d 825, 827 [2007], quoting Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275 [1977]; Makris v Darus-Salaam Masjid, N.Y., Inc., 91 AD3d 729 [2012]; Sokol v Leader, 74 AD3d 1180, 1180-1181 [2010]).
Pursuant to CPLR 3001, “[t]he supreme court may render a declaratory judgment ... as to the rights and other legal relations of the parties to a justiciable controversy” (CPLR 3001), for the primary purpose of “stabilizing] an uncertain or disputed jural relationship with respect to present or prospective obligations” (Chanos v MADAC, LLC, 74 AD3d 1007, 1008 [2010]). “[W]here a cause of action is sufficient to invoke the court’s power to render a declaratory judgment ... as to the rights and other legal relations of the parties to a justiciable controversy, a motion to dismiss that cause of action should be denied” (Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d 1148, 1150 [2011] [citations and internal quotation marks omitted]; see Law Research Serv. v Honeywell, Inc., 31 AD2d 900, 901 [1969]). In addition, where the “material allegations of the complaint” are effectively “admitted,” resulting in “no questions of fact [regarding the controversy]” (Hoffman v City of Syracuse, 2 NY2d 484, 487 [1957]), then a motion to dismiss for failure to state a cause of action “ ‘should be taken as a motion for a declaration in the defendant’s favor and treated accordingly’ ” (Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d at 1150, quoting Siegel, NY Prac § 440 at 745 [4th ed 2005]; see German Masonic Temple Assn. v City of New York, 279 NY 452, 457 [1939]; Washington County Sewer Dist. No. 2 v White, 177 AD2d 204, 206 [1992]; Law Research Serv. v Honeywell, Inc., 31 AD2d at 901). By contrast, “if the record before the motion court is insufficient to resolve all factual issues such that the rights of the parties cannot be determined as a matter of law, a declaration upon a motion to dismiss is not permissible” (Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d at 1151; see Nadel v Costa, 91 AD2d 976 [1983]; Verity v Larkin, 18 AD2d 842 [1963]).
Applying these principles, we find that the amended complaint *700 is sufficient to invoke the Supreme Court’s power to render a declaratory judgment as to whether the conveyance of the subject property to Kiryas Joel was exempt from subdivision review and approval by the appropriate municipal body of the Village of Woodbury, based on the “balancing of public interests approach” adopted in Matter of County of Monroe (City of Rochester) (72 NY2d 338, 343 [1998]) to determine “the applicability of local zoning laws where a conflict arises between two governmental entities” (Matter of Crown Communication N.Y., Inc. v Department of Transp. of State of N.Y., 4 NY3d 159, 165 [2005], cert denied sub nom. City of New Rochelle, N.Y. v Crown Communication New York, Inc., 546 US 815 [2005]). Moreover, the record does not show that a material fact claimed by the plaintiff to be a fact is not a fact at all and that there is no significant dispute about that fact (see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275 [1977]; Sokol v Leader, 74 AD3d 1180, 1180-1181 [2010]). Accordingly, the Supreme Court should have denied the defendants’ respective motions to dismiss the amended complaint pursuant to CPLR 3211 (a) (7) insofar as asserted against each of them.
Furthermore, there are questions of fact which preclude the Supreme Court from treating the defendants’ motions as “motion[s] for a declaration in the [movants’] favor” (Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d at 1150), and entering a declaratory judgment in favor of the defendants. Contrary to the court’s determination, the Agreement between the plaintiff and Kiryas Joel does not necessarily constitute a concession that the conveyance of the subject property from Brach to Kiryas Joel is exempt from subdivision review and approval under the “balancing of public interests” analysis adopted in Matter of County of Monroe (City of Rochester) (72 NY2d at 343).
Brach’s remaining contentions are without merit.
Accordingly, the defendants’ respective motions to dismiss the amended complaint pursuant to CPLR 3211 (a) (7) insofar as asserted against each of them should have been denied, and the Supreme Court erred in making the subject declarations. Skelos, J.E, Balkin, Leventhal and Austin, JJ., concur.