In an action, inter alia, for a judgment declaring that the plaintiff has the right to exercise an option to purchase the defendant’s interest in Jenhen Realty, LLC, pursuant to a settlement agreement dated June 6, 2012, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated May 13, 2013, as, without a hearing, granted those branches of the plaintiffs motion which were to direct her, in effect, to close on the sale of Jenhen Realty, LLC, to the plaintiff on or before June 1, 2013, and to preliminarily enjoin her, pending the closing, from selling, wasting, dissipating, or in any way transferring Jenhen Realty, LLC. By decision and order on motion dated June 11, 2013, this Court, inter alia, stayed all proceedings in the action and enforcement of so much of the order as directed the defendant, in effect, to close on the sale of Jenhen Realty, LLC, to the plaintiff, pending hearing and determination of the appeal.
Ordered that the order is modified, on the law, by deleting the provision thereof granting, without a hearing, that branch of the plaintiffs motion which was to direct the defendant, in effect, to close on the sale of Jenhen Realty, LLC, to the plaintiff *639 on or before June 1, 2013, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a hearing and a new determination thereafter of that branch of the motion and for the fixing of an appropriate undertaking pursuant to CPLR 6312.
The parties entered into an agreement settling a prior action, dated June 6, 2012 (hereinafter the settlement agreement). Pursuant thereto, each party had an option to purchase the interest of the other in Jenhen Realty, LLC (hereinafter Jenhen), the sole asset of which was an apartment building in Brooklyn (hereinafter the subject property). The defendant had the initial option to purchase the interest of the plaintiff during the first 120 days after the execution of the settlement agreement. In the event that the defendant failed to “close/refinance” within her option period, or executed a written waiver of her option, the plaintiff was then granted an option to purchase the interest of the defendant during the succeeding 120-day period. Once the respective options to purchase expired, the subject property was to be listed with a licensed real estate broker.
According to the defendant, during her 120-day option period, she sought to obtain refinancing from a new lender. The new lender, however, required a copy of “the mortgage payment history” from the current lender. However, since the plaintiff was listed as the owner of Jenhen and sole guarantor on the mortgage, the defendant could not obtain those documents from the current lender without the plaintiffs authorization. The defendant’s counsel informed the plaintiffs counsel that he needed those documents and requested authorization to speak with the current lender. The defendant asserts that the plaintiff did not respond to those requests.
On or about December 10, 2012, within the plaintiffs 120-day option period, the plaintiff purportedly exercised his right to purchase the defendant’s interest. However, the defendant replied that the plaintiff “intentionally did not respond to [her] requests for documents” and, thus, the defendant’s option period had not yet lapsed.
Thereafter, the plaintiff commenced the instant action, inter alia, for a judgment declaring that he had the right to exercise the option to purchase the defendant’s interest in Jenhen pursuant to the settlement agreement. The plaintiff then moved, among other things, to direct the defendant, in effect, to close on the sale of Jenhen to him, and to preliminarily enjoin the defendant from selling, wasting, dissipating, or in any way *640 transferring Jenhen. As relevant to the instant appeal, the Supreme Court granted, without a hearing, those branches of the plaintiffs motion.
Pursuant to CPLR 3001, “[t]he supreme court may render a declaratory judgment ... as to the rights and other legal relations of the parties to a justiciable controversy” (CPLR 3001), for the primary purpose of “stabilizing] an uncertain or disputed jural relationship with respect to present or prospective obligations” (Chanos v MADAC, LLC, 74 AD3d 1007, 1008 [2010]; see Village of Woodbury v Brach, 99 AD3d 697, 699 [2012]). “A declaratory judgment is ex vi termini a judgment on the merits. Until disputed questions of fact necessary to be determined before judgment can be rendered are settled, it is plain that rights and legal relations cannot be determined, defined and declared” (Rockland Light & Power Co. v City of New York, 289 NY 45, 50 [1942] [internal quotation marks omitted]). In certain circumstances, the rights of the parties cannot be determined on the record as it stands and issues of fact may exist (see Nadel v Costa, 91 AD2d 976 [1983]).
Here, the Supreme Court should not have decided that branch of the plaintiffs motion which was to direct the defendant, in effect, to close on the sale of Jenhen to him, without having first conducted a hearing, because multiple disputed factual issues exist. Without conducting a hearing to resolve those factual issues, the court could not properly determine, inter alia, whether the plaintiff breached the covenant of good faith and fair dealing implied in the subject settlement agreement (see Dalton v Educational Testing Serv., 87 NY2d 384, 389 [1995]; New York Univ. v Continental Ins. Co., 87 NY2d 308, 318 [1995]; Legend Autorama, Ltd. v Audi of Am., Inc., 100 AD3d 714, 716 [2012]), thereby thwarting the defendant’s rights under the settlement agreement; whether the plaintiff is entitled to exercise his option to purchase the defendant’s interest in Jenhen under the settlement agreement; whether the defendant breached the settlement agreement by not closing on the sale of her interest to the plaintiff; and whether both parties’ options to purchase have expired such that the property must be listed with a licensed real estate broker. Accordingly, the matter must be remitted to the Supreme Court, Kings County, for a hearing and a new determination thereafter of that branch of the motion.
Under the circumstances of this case, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff’s motion which was for a preliminary injunction (see Perpignan v Persaud, 91 AD3d 622, 622-623 [2012]; Win *641 chester Global Trust Co. Ltd. v Donovan, 58 AD3d 833, 834 [2009]; Ruiz v Meloney, 26 AD3d 485, 486 [2006]), notwithstanding the existence of issues of fact (see CPLR 6312 [c]; Ying Fung Moy v Hohi Umeki, 10 AD3d 604, 605 [2004]). However, in issuing the preliminary injunction, the Supreme Court was required to direct the plaintiff to post an undertaking (see CPLR 6312 [b]). Accordingly, we also remit the matter to the Supreme Court, Kings County, for the fixing of an appropriate undertaking (see Winchester Global Trust Co. Ltd. v Donovan, 58 AD3d at 834; Winzelberg v 1319 50th Realty Corp., 52 AD3d 700, 702 [2008]).
Rivera, J.P, Leventhal, Austin and Roman, JJ., concur.