Guthart v Nassau County (2019 NY Slip Op 08825)





Guthart v Nassau County


2019 NY Slip Op 08825


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2017-01672
 (Index No. 604271/16)

[*1]Mark Guthart, etc., appellant, 
v
Nassau County, et al., respondents.


Taus, Cebulash & Landau, LLP, New York, NY (Kevin S. Landau and Brett Cebulash of counsel), and David J. Raimondo, Lake Grove, NY, for appellant (one brief filed).
Jared Kasschau, County Attorney, Mineola, NY (Andrew R. Scott of counsel), for respondents.



DECISION & ORDER
In a putative class action, inter alia, for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Nassau County (Daniel Palmieri, J.), entered February 1, 2017. The order, upon treating that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint as one for a declaration in the defendants' favor with respect to the first cause of action, granted the motion to the extent of declaring that the imposition of a driver responsibility fee on a red-light camera violation was a proper exercise of Nassau County's power to charge and collect administrative fees, and directed dismissal of the second, third, and fourth causes of action.
ORDERED that the order is reversed, on the law, with costs, and that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint is denied.
The plaintiff commenced this putative class action against Nassau County and the Nassau County Traffic and Parking Violations Agency (hereinafter together the County) seeking, inter alia, a judgment declaring that the imposition of a driver responsibility fee on a red-light camera violation is "inconsistent with New York's general law, or is otherwise ultra vires, preempted, unconstitutional, or void as a matter of law." Prior to interposing an answer, the County moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action. The Supreme Court, treating that branch of the County's motion as one for a declaration in the County's favor with respect to the first cause of action, granted that branch of the motion to the extent of declaring that the imposition of a driver responsibility fee on a red-light camera violation was a proper exercise of the County's power to charge and collect administrative fees and, based on that declaration, directed dismissal of the remainder of the complaint for failure to state a cause of action. We reverse.
" A motion to dismiss a declaratory judgment action prior to the service of an answer presents for consideration only the issue of whether a cause of action for declaratory relief is set forth, not the question of whether the plaintiff is entitled to a favorable declaration'" (Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d 1148, 1150, quoting Staver Co. v Skrobisch, 144 [*2]AD2d 449, 450). Thus, "where a cause of action is sufficient to invoke the court's power to render a declaratory judgment . . . as to the rights and other legal relations of the parties to a justiciable controversy, a motion to dismiss should be denied" (Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d at 1150 [citation and internal quotation marks omitted]; see DiGiorgio v 1109-1113 Manhattan Ave. Partners, LLC, 102 AD3d 725, 728). However, where the court, deeming the material allegations of the complaint to be true, is nonetheless able to determine, as a matter of law, that the defendant is entitled to a declaration in his or her favor, the court may enter the appropriate declaration (see Bregman v East Ramapo Cent. Sch. Dist., 122 AD3d 656, 658; Minovici v Belkin BV, 109 AD3d 520, 524). By contrast, "if the record before the motion court is insufficient to resolve all factual issues such as the rights of the parties cannot be determined as a matter of law, a declaration upon a motion to dismiss is not permissible" (Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d at 1151; see Village of Woodbury v Brach, 99 AD3d 697, 699).
Here, the County failed to demonstrate the absence of all factual issues so that a determination as to the rights of the parties could be determined as a matter of law (see DiGiorgio v 1109-1113 Manhattan Ave. Partners, LLC, 102 AD3d at 730; Village of Woodbury v Brach, 99 AD3d at 700; Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d at 1151-1152). Accordingly, we disagree with the Supreme Court's determination to make the subject declaration at this stage of the proceedings, and that branch of the County's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint should have been denied.
CHAMBERS, J.P., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court