HSBC Bank USA, N.A. v Parker (2020 NY Slip Op 01336)





HSBC Bank USA, N.A. v Parker


2020 NY Slip Op 01336


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-12085
 (Index No. 16138/13)

[*1]HSBC Bank USA, National Association, etc., appellant, 
v
Andrew Parker, et al., defendants, 43 Monroe, LLC, respondent.


Goldberg Segalla LLP, Buffalo, NY (Marc W. Brown and Hilary A. Dinkelspiel of counsel), and Gross Polowy, LLC, Westbury, NY (Christopher Virga and Austin R. Caster of counsel), for appellant (one brief filed).
Alexander Levkovich, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff is the holder of a first mortgage lien upon certain real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin M. Solomon, J.), dated October 19, 2017. The order denied those branches of the plaintiff's motion which were to amend and then extend the notice of pendency or, in the alternative, to file a new notice of pendency, granted that branch of the plaintiff's motion which was for a temporary restraining order staying a sale or encumbrance of the subject property only to the extent of staying a sale or encumbrance of the subject property for a period of 60 days, and thereupon directed the plaintiff to post an undertaking.
ORDERED that the order is affirmed, with costs.
The factual background of this case is set forth in this Court's decision and order on a related appeal (see HSBC Bank USA, N.A. v Parker, ___ AD3d ___ [Appellate Division Docket No. 2017-10135; decided herewith]). Insofar as relevant to this appeal, in an order dated May 13, 2016, which is the subject of the related appeal, the Supreme Court stated that the notice of pendency, which was filed by the plaintiff on October 3, 2013, "is defective for providing an incorrect, non-existing, lot and block." In September 2016, the plaintiff moved by order to show cause to, inter alia, amend and then extend the notice of pendency or, in the alternative, to file a new notice of pendency, and for a temporary restraining order staying a sale or encumbrance of the subject property. The defendant 43 Monroe, LLC (hereinafter 43 Monroe), the owner of the subject property, opposed the motion. By order dated October 19, 2017, the Supreme Court denied those branches of the plaintiff's motion which were to amend and then extend the notice of pendency or, in the alternative, to file a new notice of pendency, granted that branch of the plaintiff's motion which was for a temporary restraining order staying a sale or encumbrance of the subject property only to the extent of staying a sale or encumbrance of the subject property for a period of 60 days, and thereupon directed the plaintiff to post an undertaking. The plaintiff appeals. Thereafter, this Court issued a decision and order on motion dated January 22, 2018, inter alia, granting that branch of the plaintiff's motion which was to stay the sale or encumbrance of the subject property pending hearing and determination of the appeal. The record contains no evidence that the subject property [*2]was sold or encumbered between the date of the order appealed from and this Court's order.
The Supreme Court did not improvidently exercise its discretion in denying those branches of the plaintiff's motion which were to amend and then extend the notice of pendency or, in the alternative, to file a new notice of pendency against the subject property, given the Supreme Court's earlier order, dated May 13, 2016, in effect, directing dismissal of this action (see 443 Jefferson Holdings, LLC v Sosa, 174 AD3d 488, 489). Further, on the related appeal, this Court affirmed the order dated May 13, 2016 (see HSBC Bank USA, N.A. v Parker, ___ AD3d ___ [Appellate Division Docket No. 2017-10135; decided herewith]). Contrary to the plaintiff's additional contention, the court providently exercised its discretion in directing the plaintiff to post an undertaking (see CPLR 6312[b]; XXXX, L.P. v 363 Prospect Place, LLC, 153 AD3d 588, 591; Dupigny v St. Louis, 115 AD3d 638, 641; Butt v Malik, 106 AD3d 849, 850).
The plaintiff's remaining contention regarding the temporary restraining order has been rendered academic.
SCHEINKMAN, P.J., COHEN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court