Samaha v Brooklyn Bridge Park Corp. (2024 NY Slip Op 04218)

Samaha v Brooklyn Bridge Park Corp.

2024 NY Slip Op 04218

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2021-04553
 (Index No. 516591/20)

[*1]Salim Samaha, et al., appellants,
v
Brooklyn Bridge Park Corporation, respondent.

Travis Law PLLC, New York, NY (Christopher R. Travis of counsel), for appellants.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Scott Shorr, Kevin Osowski, and Ingrid R. Gustafson of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for injunctive relief and to recover damages for private nuisance, the plaintiffs appeal from an order of the Supreme Court, Kings County (Rosemarie Montalbano, J.), dated May 24, 2021. The order, insofar as appealed from, in effect, denied the plaintiffs' motion for a preliminary injunction enjoining the defendant from causing or permitting unreasonable noise in violation of Administrative Code of the City of New York § 24-218 to emanate from the defendant's lavatory, gate, and storage facility under the plaintiffs' home.
ORDERED that the order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, and the plaintiffs' motion for a preliminary injunction enjoining the defendant from causing or permitting unreasonable noise in violation of Administrative Code of the City of New York § 24-218 to emanate from the defendant's lavatory, gate, and storage facility under the plaintiffs' home is granted.
In September 2020, the plaintiffs commenced this action against the defendant, inter alia, for injunctive relief and to recover damages for private nuisance arising out of alleged unreasonable noise, in violation of Administrative Code of the City of New York § 24-218 (hereinafter the New York City Noise Code), emanating at excessive levels and frequent intervals from a public lavatory, gate, and storage facility operated by the defendant under the plaintiffs' home. The plaintiffs moved for a preliminary injunction enjoining the defendant from causing or permitting unreasonable noise in violation of the New York City Noise Code to emanate from the lavatory, gate, and storage facility. In support of their motion, the plaintiffs submitted, inter alia, evidence that the noise generated by the lavatory, gate, and storage facility was unreasonable, in violation of the New York City Noise Code (see id.) and interfered with the plaintiffs' quiet enjoyment and use of their home. Specifically, the plaintiffs submitted, inter alia, a report from a private consultant which found that the noise generated by the lavatory, gate, and storage facility at issue violated the New York City Noise Code (see id.). After certain remediation work was performed, further tests were conducted by the plaintiffs' consultant which found that the noise from those facilities still violated the provisions of the New York City Noise Code—in some areas of the plaintiffs' home by more than 10 decibels above the ambient noise level of 24 decibels. Thereafter, in opposition to the motion, the defendant submitted a noise inspection report from the New York City Department of Environmental Protection which concluded that there was no unreasonable noise [*2]emanating from those facilities. In further support of their motion, the plaintiffs submitted a report from their consultant which indicated that unreasonable noises in excess of the maximum levels set forth in the New York City Noise Code still could be heard, especially in the master bedroom and master bedroom corridor of the plaintiffs' home.
In an order dated May 24, 2021, the Supreme Court, inter alia, in effect, denied the plaintiffs' motion for a preliminary injunction. The plaintiffs appeal. The Supreme Court also issued a temporary restraining order which was later vacated and is not the subject of the appeal before this Court.
"To obtain a preliminary injunction, a movant must establish (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) a balancing of the equities in the movant's favor" (Arcamone-Makinano v Britton Prop., Inc., 83 AD3d 623, 624; see CPLR 6312[c]). "The purpose of a preliminary injunction is to preserve the status quo until a decision is reached on the merits" (Arcamone-Makinano v Britton Prop., Inc., 83 AD3d at 624 [internal quotation marks omitted]). "The mere existence of an issue of fact will not itself be grounds for the denial of the motion" (id., at 624-625; see Winzelberg v 1319 50th Realty Corp., 52 AD3d 700, 701).
Since the plaintiffs asserted a cause of action alleging private nuisance, they were required to demonstrate its elements, which are "'(1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act'" (61 W. 62 Owners Corp. v CGM EMP LLC, 77 AD3d 330, 334, mod 16 NY3d 822, quoting Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 570).
Here, the Supreme Court should have granted the plaintiffs' motion for a preliminary injunction as the plaintiffs established irreparable harm absent a preliminary injunction (see XXXX, L.P. v 363 Prospect Place, 153 AD3d 588, 591; Winzelberg v 1319 50th Realty Corp., 52 AD3d at 701), a likelihood of success on the merits (see Arcamone-Makinano v Britton Prop., Inc., 83 AD3d at 625), and a balancing of the equities supports their position (see 538 Morgan Ave. Props., LLC v 538 Morgan Ave Realty, LLC, 186 AD3d 657, 658; Arcamone-Makinano v Britton Prop., Inc., 83 AD3d at 625). Although the plaintiffs were aware of the existence of the defendant's lavatory, gate, and storage facility at issue before they purchased their home, there is no evidence that they were aware of the alleged excessive noise levels emanating from those locations at varying hours of the day and night (see e.g. 61 W. 62 Owners Corp. v CGM EMP LLC, 77 AD3d at 334).
The parties' remaining contentions are either without merit or not properly before this Court.
Accordingly, under the circumstances, we reverse the order insofar as appealed from and grant the plaintiffs' motion for a preliminary injunction enjoining the defendant from causing or permitting unreasonable noise in violation of the New York City Noise Code to emanate from the lavatory, gate, and storage facility under the plaintiffs' home.
DUFFY, J.P., FORD, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court