RICHARD A. GROSSMAN et al., as Trustees of ROBERT C. BAKER, et al., Appellants, v. WEGMAN'S FOOD MARKETS, INC., Respondent.— Judgment unanimously modified, by adding thereto a provision that it is without prejudice to the maintenance of such further action as plaintiff may be advised to take, and as modified, affirmed, with costs to defendant. Memorandum: Plaintiffs appeal from a judgment rendered after a trial which dismissed their action to compel defendant by means of specific performance to continue to occupy and operate leased premises as a retail grocery supermarket. Respondent leased the premises consisting of a store in the Big N Shopping Plaza for a term of 15 years at an annual rental of $48,450 and also agreed to pay a sum equal to 1% of all gross annual sales in excess of $4,845,000. Respondent went into possession of the property in April, 1970. On September 19, 1972 it notified plaintiffs' agent that it intended to vacate the leased premises by October 7, 1972 but it would continue to pay the rent until such time as the premises are relet. During the time it operated the store, its annual gross sales did not amount to more than $1,292,000. It made no profit and its losses during the two years and seven months that it operated the store amounted to $615,000. The record does not show that there is a reasonable probability that defendant or any other tenant would have gross sales in an amount sufficient to require the payment of percentage rentals. There is evidence, however, that a food store will draw people to a shopping center who will also patronize the other stores and that while the food store is closed the business of the other stores will be diminished. There might well be damage to the other tenants while the food store remains vacant, and, if the vacancy extends over a long period of time, it is possible that a tenant might also vacate its premises with resulting damage to plaintiffs. Of course such possible damage would be avoided if defendant should specifically perform its lease. Such relief should not be granted in this case, however, because courts of equity are reluctant to grant specific performance in situations where such performance would require judicial supervision over a long period of time. Thus, it has been held that: "Contracts which require the performance of varied and continuous acts * * * will not, as a general rule, be enforced by courts of equity, because the execution of the decree would require such constant superintendence as to make judicial control a matter of extreme difficulty." (*Standard Fashion Co.* v. *Siegel-Cooper Co.*, 157 N. Y. 60, 66.) To the same effect see *Price* v. *Herman* (81 N. Y. S. 2d 361, affd. 275 App. Div. 675) where the court denied specific performance of a lease covenant not to remove a bakery business from demised premises during the term of the lease. We have considered *Dover Shopping Center* v. *Cushman's Sons* (63 N. J. Super. 384) where specific performance was decreed in somewhat similar circumstances, but have not been persuaded thereby that specific performance should be decreed in the case at bar. (Appeal from judgment of Cattaraugus Trial Term dismissing complaint in action on lease.) Present — Goldman, P. J., Moule, Cardamone, Simons and Henry, JJ.