■ FAY'S DRUG COMPANY, INC., Appellant, v GENEVA PLAZA ASSOCIATES, Respondent. — Judgment unanimously modified and, as modified, affirmed, with costs to plaintiff, in accordance with the following memorandum: Plaintiff, as tenant, and defendant, as landlord, are successors in interest to an agreement for the rental of premises located in a shopping center known as "Big N Plaza" in Waterloo, New York. The lease is for an original term of 15 years at a stated rental of $18,000 per year and grants to plaintiff options to renew for three successive five-year terms at an annual rental of $18,750. The lease further provides: "Tenant covenants and agrees to use the demised premises as a drug store, to be conducted similarly to the Key Drug Stores operated by Tenant, and agrees not to use or permit the premises to be used for any other purpose." In January, 1981 plaintiff ceased doing business on the premises but continued to pay the rent. In July, 1981 defendant served plaintiff with a notice to quit, stating that plaintiff had breached its covenant to operate the premises as a drugstore. Thereupon plaintiff brought this action seeking, inter alia, a declaratory judgment that plaintiff had not breached any provision of the lease regarding use. Judgment was entered declaring that plaintiff be permitted "to reopen as a drug store on the subject premises * * * within sixty (60) days from September 1, 1981" and further adjudging that upon plaintiff's failure to do so defendant would be entitled to ejectment of plaintiff, a warrant of eviction and possession of the premises. The judgment also dismissed defendant's counterclaim for damages but no appeal is taken therefrom. Plaintiff appeals from all other parts of the judgment. The clause requiring that the premises be used only as a drugstore is unambiguous; it is a restrictive covenant limiting the use to which the demised premises may be put (Friedman, Leases, § 6.904). Relying upon our decision in Grossman v Wegman's Food Markets (43 AD2d 813), defendant argues that shopping center leases are to be construed as obligating the tenant to remain open for business during the term of the lease. That is not the rule to be drawn from the Grossman case, however, since there the lease to Wegman's contained a continuous use clause and we were not called upon otherwise to construe that lease. Here the lease contains no continuous use provision and we will not, by implication, add one. Such implied-in-fact covenants are not favored in the law and the court will not remake the parties' contract (see Rowe v Great Atlantic & Pacific Tea Co., 46 NY2d 62, 69). We recognize that other jurisdictions have construed use clauses similar to that found here as requiring the tenant to remain open for business during the term of the lease (see, e.g., Ingannamorte v Kings Super Markets, 55 NJ 223, and cases cited therein). In doing so, those

courts have considered all of the circumstances surrounding the lease and have concluded that such construction reflected the parties' intention. Even if we were to adopt that approach, this lease would not be so construed. It contained no percentage rental clause (see *Tuttle v Grant Co.*, 5 AD2d 370, 380 [Halpern, J., dissenting], revd 6 NY2d 754); the subject premises are the smallest of three stores in the shopping center; there was no evidence that plaintiff's store served as a magnet for the other two tenants; and defendant suffered no damage as a result of the closing of plaintiff's store (cf. *Grossman v Wegman's Food Markets, supra*). Under these circumstances, there would be no basis to conclude that the parties intended that plaintiff would be required to remain open for business throughout the term of the lease. The judgment is modified to declare that plaintiff is not in violation of the provisions of the lease regarding use of the subject premises. (Appeal from judgment of Supreme Court, Monroe County, Boehm, J. — declaratory judgment.) Present — Dillon, P. J., Hancock, Jr., Green, O'Donnell and Schnepp, JJ.