■ Nature's Best Group, Inc., et al., Appellants-Respondents, v CPC International, Inc., et al, Respondents-Appellants. [703 NYS2d 756] —In an action, *inter alia,* for a judgment declaring the rights of the parties under contracts for the wholesale distribution of bakery products, (1) the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (DeMaro, J.), entered October 2, 1998, as (a) granted that branch of the plaintiffs' motion which was for partial summary judgment on their sixth cause of action for a declaration that the defendants are not entitled to terminate the plaintiffs' contracts and repurchase the plaintiffs' wholesale distributorships, (b) denied their cross motion for partial summary judgment, in effect, for a declaration that they are entitled to terminate the contracts and repurchase the plaintiffs' wholesale distributorships, (c) granted that branch of the plaintiffs' motion which was to preliminarily enjoin them from effectuating the termination of the contracts of the plaintiffs J & S Magee, Inc.; V.J. Conley, Inc.; D. Scott Dancy, Inc.; Arnold Bread/Hudson Distributors, Inc.; George Belair; and Robert Carchedi, and from terminating the contracts of the remaining plaintiffs pending trial, and (d) released the plaintiffs' undertaking, and the plaintiffs cross-appeal from so much of the same order as denied that branch of their motion which was, in effect, for specific performance of the contracts, and (2) the plaintiffs appeal from an order of the same court, entered December 17, 1998, which granted the defendants' motion to sever the issue of valuation of the wholesale distributorships of the plaintiffs J & S Magee, Inc.;

V.J. Conley, Inc.; D. Scott Dancy, Inc.; Arnold Bread/Hudson Distributors, Inc.; George Belair; and Robert Carchedi for an immediate trial.

Ordered that the order entered October 2, 1998, is modified, by deleting the provision thereof releasing the plaintiffs' undertaking and substituting therefor a provision fixing an undertaking in the total sum of $100,000; as so modified, the order is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the order entered December 17, 1998, is reversed, on the law, and the motion to sever is denied; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The plaintiffs are the exclusive wholesale distributors of the defendants' bakery products for particular territories in the northeastern United States pursuant to separate written wholesaler's agreements. The Supreme Court correctly concluded that the terms of the parties' contracts were clear and unambiguous and did not permit the defendants to terminate them for economic and business reasons (*see, Matter of Wallace v 600 Partners Co.,* 86 NY2d 543, 548). Accordingly, the court properly granted partial summary judgment in favor of the plaintiffs determining that the defendants were not entitled to terminate the contracts and repurchase the plaintiffs' wholesale distributorships. Contrary to the defendants' contention, no choice of law issue was presented because New York, Massachusetts, and New Jersey generally follow the same rules of contract interpretation relevant here (*see, Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.],* 81 NY2d 219, 223).

The Supreme Court also properly declined to grant specific performance in the nature of permanent injunctive relief, but properly determined that a temporary injunction was warranted to preserve the relative positions of the parties pending trial (*see, Standard Fashion Co. v Siegel-Cooper Co.,* 157 NY 60, 66; *Grossman v Wegman's Food Mkts.,* 43 AD2d 813). The court erred, however, in releasing the plaintiffs' undertaking (*see,* CPLR 6312 [b]). We now fix an undertaking in the total sum of $100,000. The granting of a preliminary injunction and the imposition of a significant undertaking will provide both the plaintiffs and the defendants with an incentive to expedite the trial of this action.

Finally, the Supreme Court improvidently exercised its discretion in severing the issue of valuation of the six distributorships owned by the plaintiffs J & S Magee, Inc.; V.J. Conley, Inc.; D. Scott Dancy, Inc.; Arnold Bread/Hudson Distributors,

Inc.; George Belair; and Robert Carchedi which were served with notices of termination. The issues involved in determining the value of those businesses are inextricably intertwined with the remaining issues in this action. Under the circumstances, a single trial is appropriate (*see, Jones-Ledbetter v Biltmore Auto Sales,* 239 AD2d 390). S. Miller, J. P., Altman, Schmidt and Smith, JJ., concur.