MADISON 96TH ASSOCIATES, LLC, Respondent, v 17 EAST 96TH OWNERS CORP., Sued Herein as 17 EAST OWNERS CORP., Defendant. 17 EAST 96TH OWNERS CORP., Appellant, v MADISON 96TH ASSOCIATES, LLC, et al., Respondents. (And Third-Party Actions.) [995 NYS2d 553]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered May 29, 2013, which, to the extent appealed from as limited by the briefs, granted Madison 96th Associates, LLC's motion for partial summary judgment dismissing 17 East 96th Owners Corp.'s (17 East Owners) trespass claims related to the underpinning (third, fourth, and fifth causes of action in action No. 2), unanimously reversed, on the law, without costs, and the motion denied.

17 East Owners is the fee owner of the building at 17 East 96th Street. Madison 96th Associates, LLC (Madison) owned a building formerly located on the adjacent lot, at 1380 Madison Avenue, which it demolished to make way for a new building. 21 East 96th Condominium (Condominium) is Madison's successor-in-interest as owner of the new building. The lots on which 17 East 96th Street and 1380 Madison Avenue sit share a 100-foot common boundary. It is alleged that in the process of constructing its new building, Madison excavated more than 10 feet below the curb level and installed underpinning on 17 East Owners' property, which constitutes a permanent encroachment. 17 East Owners seeks both injunctive and monetary relief for the claimed trespass.

There was extensive litigation during the demolition phase of this project. Action No. 1 includes claims by 17 East Owners that Madison failed to comply with applicable notice requirements before obtaining demolition and foundation permits from the New York City Buildings Department. 17 East Owners sought injunctive relief, and in resolution of that motion in action No. 1, the parties stipulated (in July 2004) that Madison would not excavate further than ten feet below ground without first retaining a licensed engineer or a licensed architect who would not only supervise the work, but also confer with 17 East Owners' professionals regarding any issues that might arise. The parties stipulated further that 17 East Owners would be afforded one week's advance notice of any excavation deeper than 10 feet and that excavation would not proceed without Madison's first retaining the aforesaid professional.

In September 2004, Madison requested permission "to enter and inspect" 17 East Owners' property "as it pertains to the pending adjacent excavations." It also requested that 17 East "accept this letter as formal notice to proceed with excavation and foundation work at [Madison's building]." In response, 17 East Owners granted Madison "a license in accordance with § 27-1026 of the New York City Building Code to enter and inspect 17 East 96th Street as it pertains to proposed excavations at 1380 Madison Avenue." 17 East Owners also reiterated in its response many of the terms of the July 2004 stipulation, stating that Madison could not excavate 10 feet below grade without its permission and without giving it advance notice so that its own professionals could review the plans and specification for the work.

Subsequently, in October 2004, Madison began and completed the underpinning of 17 East 96th. Although 17 East Owners brought a motion for injunctive relief to halt the construction, it was denied.

Madison and the Condominium separately moved for partial summary judgment dismissing certain causes of action. As is relevant to this appeal, the motion court granted Madison's motion as to all of 17 East Owners' trespass claims that were based upon the underpinning, and denied Condominium's motion as moot. The court found that 17 East Owners had either consented to the underpinning of its property by giving Madison permission to enter and inspect its property in September 2004, or, having had sufficient notice of the work being done next door and below its property, was barred, as a matter of law, from objecting to it for failure to act sooner.

We hold that the motion court improperly resolved issues of fact in granting Madison's motion for summary judgment on the third, fourth and fifth causes of action, i.e. those related to Madison's underpinning of 17 East Owners' property. Although the record shows that 17 East Owners granted Madison's request under former section 27-1026[1] of the New York City Building Code (Administrative Code of the City of New York), for permission to enter and inspect its property, that license was for the purpose of a post-demolition, pre-excavation inspection of 17 East 96th, effectuating what had been stipulated in court. It does not provide the basis for finding that 17 East Owners consented to the erection of any permanent structure on its property, including the underpinning.

Madison contends that it satisfied all the notice requirements for proceeding with the excavation and underpinning, including the requirement of 72 hours advance notice of excavation under former section 27-195 of the Building Code. 17 East Owners denies that Madison complied with those requirements and contends that, in any event, Madison violated the July 2004 stipulation, which limited and restricted when and how Madison could proceed with its intended excavation. In addition, the parties dispute the nature and extent to which 17 East Owners' engineer was given access to information and access to the property to inspect the work as it progressed. These disputed facts preclude a finding, as a matter of law, that 17 East Owners had sufficient notice of the work being done to bar it from objecting.

Former Administrative Code of the City of New York § 27-1031 (b) (1)[2] provides that "[w]hen an excavation is carried to a depth more than ten feet below the legally established curb level the person who causes such excavation to be made shall, at

---

**1.** The Building Code was revised in 2008, effective July 1, 2008.

**2.** The equivalent provision is now contained in the New York City Construction Code (NY City Building Code [Administrative Code of City of NY, tit 28, ch 7] § BC 3309.4).

all times and at his or her own expense, preserve and protect from injury any adjoining structures, the safety of which may be affected by such part of the excavation as exceeds ten feet below the legally established curb level provided such person is afforded a license to enter and inspect the adjoining buildings and property."

The imposition of absolute liability on parties whose excavation work damages an adjoining property places the burden of protecting adjoining property onto those undertaking the excavation work, and the risks thereof, rather than those whose interest in adjoining property is harmed by the work (*Yenem Corp. v 281 Broadway Holdings*, 18 NY3d 481, 489 [2012]). It should not be inferred, however, that the transfer of risk to the owner/excavator carries with it a corresponding unfettered right to excavate more than 10 feet below curb level, or that the adjoining property owner must allow underpinning of its property simply because the neighboring property owner undertaking such excavation bears absolute liability for any damage it may cause to the adjoining property (*see id.*).

The safeguard requirements of former Administrative Code § 27-1031 (b) (1) do not abrogate the well established principle of law that a property owner's placement of a permanent structure upon an adjacent owner's property, without the adjacent owner's consent or permission, is a trespass (*see e.g. Shaw v Bronfman*, 284 AD2d 267 [1st Dept 2001], *lv dismissed* 97 NY2d 725 [2002]). While compliance with section 27-1031 (b) (1) and the absence of structural damage to the building (i.e. leaks, cracking, etc.) may bear upon the issue of damages, they do not constitute a complete defense to a claim of trespass where, as here, the underpinning is a permanent encroachment (*see e.g. Matter of Broadway Enters., Inc. v Lum*, 16 AD3d 413 [2d Dept 2005]). Madison did not have the right, in the absence of an agreement with 17 East Owners, to erect permanent structures extending beyond the property line, either above or below the surface, and thus encroaching on 17 East Owners' property.

17 East Owners did not expressly consent to any excavation work deeper than 10 feet below curb level. The parties also dispute whether 17 East Owners, through its engineer, conceded that underpinning was unavoidable, or the only way to shore up and protect its property. While underpinning is one way to protect an adjoining property owner's building, former New York City Administrative Code § 27-1031 (b) (1) does not describe the manner in which the adjoining property must be "preserve[d] and protect[ed] from injury," and 17 East Owners

has raised further issues of fact whether Madison failed to consider other, non-encroaching, alternatives.

The court did not limit or decide the measure of damages on the trespass claims related to the underpinning. Accordingly, we decline 17 East Owners' request that we instruct the court as to the proper measure of damages. Concur—Tom, J.P., Friedman, Feinman, Gische and Kapnick, JJ.