■ 211 WEST 61ST STREET CONDOMINIUM, INC., Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondents. [45 NYS3d 409]—

Judgment, Supreme Court, New York County (Shlomo S. Hagler, J.), entered August 11, 2016, dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered July 14, 2015, which granted defendant's CPLR 3211 (a) motion to dismiss, and denied plaintiff's cross motion for, inter alia, summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

In 1927, on what was to become plaintiff's lot, located at 211 West 61st Street in Manhattan, stood a tenement. On what was to become defendant's lot, located at 205 West 61st Street, stood another tenement. The two buildings shared a party wall, which both used for support. In 1927, plaintiff's predecessor tore its tenement down, and erected the current seven story premises. Plaintiff's predecessor incorporated the party wall into the building's facade, but did not use it for support. The tenement remained on defendant's lot until 1934, when defendant's predecessor tore it down. Eventually, the empty lot at 205 West 61st Street was condemned and title passed to the City of New York. In 1947, the City conveyed it to defendant, which eventually used 205 West 61st Street and adjoining lots to construct the Amsterdam Houses, a public housing development. The portion abutting plaintiff's property, however, is used as a parking lot and does not contain a structure.

In 2013, plaintiff commenced this action against defendant,

alleging that defendant is responsible for maintaining the portions of the former party wall that are now part of the facade of plaintiff's building. Plaintiff contends that the wall, which is now adjacent to the parking lot, is still a party wall. However, once the wall stopped providing support for the structures on the adjacent lots, its status as a party wall and all attendant easements ceased (*see e.g. Heartt v Kruger*, 121 NY 386, 391-392 [1890]; *441 E. 57th St., LLC v 447 E. 57th St. Corp.*, 34 AD3d 378 [1st Dept 2006], *lv denied* 8 NY3d 934 [2007]).

Regardless of whether the wall remained a party wall, defendant took title to the property in 1947, well after the tenement was demolished, and thus bears no responsibility for the supposed negligent demolition of the wall. Even assuming defendant had any responsibility for demolishing the premises, it would have no responsibility for exposing the part of the wall that became part of the facade of plaintiff's building (*Alberti v Emigrant Indus. Sav. Bank*, 179 Misc 1021 [Sup Ct, Bronx County 1942], *affd* 265 App Div 1046 [1st Dept 1943]).

We have considered the remaining arguments and find them unavailing. Concur—Tom, J.P., Richter, Saxe, Gische and Gesmer, JJ.