159 Smith, LLC v Boreum Hill Prop. Holdings, LLC (2021 NY Slip Op 00823)





159 Smith, LLC v Boreum Hill Prop. Holdings, LLC


2021 NY Slip Op 00823


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2019-08969
 (Index No. 520414/18)

[*1]159 Smith, LLC, respondent, 
v
Boreum Hill Property Holdings, LLC, appellant, et al., defendants.


Ronald Francis, New York, NY, for appellant.
The Law Firm of Elias C. Schwartz, PLLC, Great Neck, NY (Michelle C. Englander and Sarah R. Gitomer of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for trespass, the defendant Boreum Hill Property Holdings, LLC, appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated May 24, 2019. The order granted the plaintiff's motion for a preliminary injunction.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, to fix an appropriate undertaking pursuant to CPLR 6312.
The plaintiff is the owner of a building located at 159 Smith Street in Brooklyn. The defendant Boreum Hill Property Holdings, LLC (hereinafter Boreum Hill), owns a lot adjoining the plaintiff's building. In 2018, Boreum Hill began constructing a new building on that lot. The plaintiff alleges that in the course of that construction, Boreum Hill and/or its agents and contractors entered the plaintiff's property without permission. The plaintiff alleges that agents and/or contractors for Boreum Hill then drilled multiple holes in the wall of the plaintiff's building, and attached tie rods to those holes in order to secure the foundation of the new building. The plaintiff commenced this action, inter alia, to recover damages for trespass and for an order directing the removal of the encroachment. In an order dated May 24, 2019, the Supreme Court granted the plaintiff's motion for a preliminary injunction enjoining the defendants from engaging in, among other things, any construction activities on that portion of its property which adjoins or abuts the plaintiff's property.
Contrary to the plaintiff's contention, the May 24, 2019 order is appealable (see CPLR 5701[a]).
The Supreme Court providently exercised its discretion in granting the plaintiff's motion for a preliminary injunction. "The decision to grant a preliminary injunction is a matter ordinarily committed to the sound discretion of the court hearing the motion" (Nelson, L.P. v Jannace, 248 AD2d 448, 448-449; see Doe v Axelrod, 73 NY2d 748, 750; Automated Waste Disposal, Inc. v Mid-Hudson Waste, Inc., 50 AD3d 1072, 1073). "The party seeking a preliminary injunction must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor" (Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840; see CPLR 6301). "The purpose of a preliminary injunction is to preserve the status quo until a decision is reached on the merits" (Icy Splash Food & Beverage, Inc. [*2]v Henckel, 14 AD3d 595, 596; see 538 Morgan Ave. Props., LLC v 538 Morgan Realty, LLC, 186 AD3d 657, 658).
As the Supreme Court determined, the plaintiff demonstrated a likelihood of success as to, inter alia, its trespass cause of action (see 211-12 N. Blvd. Corp. v LIC Contr., Inc., 186 AD3d 69, 81; see also Madison 96th Assoc., LLC v 17 E. 96th Owners Corp., 121 AD3d 605, 607). The plaintiff also demonstrated that it would suffer irreparable injury absent an injunction, and that the balance of the equities favored injunctive relief (see 84-85 Gardens Owners Corp. v 84-12 35th Ave. Apt. Corp., 91 AD3d 702, 703; Arcamone-Makinano v Britton Prop., Inc., 83 AD3d 623, 625).
Contrary to the contention of Boreum Hill, the Supreme Court providently exercised its discretion in directing the preliminary injunction to remain in place until, in effect, a settlement or conclusion of this action (see CPLR 6301). However, CPLR 6312(b) provides that in order to obtain a preliminary injunction, "the plaintiff shall give an undertaking in an amount to be fixed by the court, that the plaintiff, if it is finally determined that he or she was not entitled to an injunction, will pay to the defendant all damages and costs which may be sustained by reason of the injunction." While the amount of the undertaking is a matter within the sound discretion of the court, the statute requires that the plaintiff give an undertaking in the amount fixed by the court (see Huang v Shih, 164 AD3d 1298, 1298; Mobstub, Inc. v www.staytrendy.com, 153 AD3d 809, 810; Ying Fung Moy v Hohi Umeki, 10 AD3d 604, 605; Hightower v Reid, 5 AD3d 440, 441). Here, the court did not fix the amount of the undertaking the plaintiff is required to give. Accordingly, the matter must be remitted to the Supreme Court, Kings County, to fix the amount of the undertaking (see Cong. Machon Chana v Machon Chana Women's Inst., Inc., 162 AD3d 635, 638; Mobstub, Inc. v www.staytrendy.com, 153 AD3d at 810; Dupigny v St. Louis, 115 AD3d 638, 641; Butt v Malik, 106 AD3d 849, 850; Winchester Global Trust Co. Ltd. v Donovan, 58 AD3d 833, 834; Ying Fung Moy v Hohi Umeki, 10 AD3d at 605; Hightower v Reid, 5 AD3d at 441).
CHAMBERS, J.P., AUSTIN, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court