Merling v Ash Dev., LLC (2021 NY Slip Op 05553)





Merling v Ash Dev., LLC


2021 NY Slip Op 05553


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-15134
 (Index No. 719085/18)

[*1]Esther Merling, appellant, 
v
Ash Development, LLC, et al., respondents.


Klein Slowik, PLLC, New York, NY (Christopher M. Slowik of counsel), for appellant.
Rosenberg Calica & Birney, LLP, Garden City, NY (Robert M. Calica of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff owns certain real property containing a subterranean window well under the doctrine of adverse possession and that the defendants' easement over the westerly side of the plaintiff's residence is extinguished, the plaintiff appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), dated December 24, 2018. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for a preliminary injunction enjoining the defendants from destroying or disturbing the subterranean window well and performing construction operations on or under the westerly side of the plaintiff's residence.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for a preliminary injunction enjoining the defendants from destroying or disturbing the subterranean window well and performing construction operations on or under the westerly side of the plaintiff's residence is granted; and it is further,
ORDERED that the matter is remitted to the Supreme Court, Queens County, for the posting by the plaintiff of an undertaking in the amount of $1 million pursuant to CPLR 6312(b) in accordance with this determination and for further proceedings consistent herewith.
In December 2018, the plaintiff commenced this action against the defendant Ash Development, LLC (hereinafter Ash), a general contractor and developer, as well as the defendants Medhi Dayan, also known as Morris Dayan, and B Sosa Enterprises Corp., general contractors for Ash, seeking declaratory and related relief arising out of a dispute between the plaintiff and the defendants with respect to the ownership and use of certain real property in Queens. The plaintiff alleged that she is the owner of a two-story single-family residence and that Ash owns certain real property abutting her property. According to the plaintiff, in 2018, the defendants demolished a building which shared a party wall with her residence. The plaintiff alleged that the former party wall, which was shared by her residence and the now-demolished building, still constitutes the westerly wall of her residence. According to the plaintiff, the defendants began excavating, shoring, and underpinning the foundation of that westerly wall in furtherance of their plan to build a separate [*2]eight-story residential building. The plaintiff alleged that the defendants did not ask for or receive her permission to perform such construction operations on or under the westerly side of her residence, and that the defendants contended that the easement that ran with the party wall gave them the right to undertake such operations without seeking the plaintiff's permission or consent.
Upon commencing the action, the plaintiff moved, inter alia, for a preliminary injunction enjoining the defendants from destroying or disturbing a subterranean window well that she had built that crossed over the property line onto the defendants' property and from performing construction operations on or under the westerly side of her residence until the conclusion of the action. In an order dated December 24, 2018, the Supreme Court, among other things, denied that branch of the plaintiff's motion (hereinafter the December 2018 order).
The plaintiff appealed from the December 2018 order, then moved in this Court, inter alia, to enjoin the defendants, or anyone acting on their behalf, from performing construction work which encroaches upon the plaintiff's property or destroys or disturbs the subterranean window well appurtenant to the plaintiff's property during the pendency of the appeal. In a decision and order on motion dated February 1, 2019, this Court granted those branches of the plaintiff's motion on condition that the plaintiff post an undertaking in an amount to be fixed by the Supreme Court (hereinafter the first undertaking). The Supreme Court thereafter fixed the amount of that first undertaking at $1 million. The amount of the undertaking is the subject of a related appeal (see Merling v Ash Development, LLC, _____ AD3d _____ [Appellate Division Docket No. 2019-07035]), which this Court has dismissed as academic on the ground that the requirement to post that first undertaking, which was imposed as a condition of this Court's grant of a preliminary injunction, expired by its own terms upon the determination of this appeal.
The party seeking a preliminary injunction must demonstrate (1) a likelihood of success on the merits, (2) danger of irreparable harm in the absence of an injunction, and (3) a balance of the equities in favor of the injunction (see 159 Smith, LLC v Boreum Hill Prop. Holdings, LLC, 191 AD3d 741, 742; Arcamone-Makinano v Britton Prop., Inc., 83 AD3d 623, 624). "The purpose of a preliminary injunction is to preserve the status quo until a decision is reached on the merits" (159 Smith, LLC v Boreum Hill Prop. Holdings, LLC, 191 AD3d at 742 [internal quotation marks omitted]; see Arcamone-Makinano v Britton Prop., Inc., 83 AD3d at 624). "The mere existence of an issue of fact will not itself be grounds for the denial of the motion" (Arcamone-Makinano v Britton Prop., Inc., 83 AD3d at 625).
The Supreme Court should have granted that branch of the plaintiff's motion which was for a preliminary injunction. The plaintiff demonstrated a likelihood of success on the merits on her adverse possession cause of action regarding the window well (see Montanaro v Rudchyk, 189 AD3d 1214, 1216-1217; Estate of Clanton v City of New York, 153 AD3d 787, 789), and her claim that the defendants' demolition of the building on the abutting property and intention to erect a separate eight-story residential building ended the existence of what was previously a party wall as well as the defendants' rights to an easement that ran with that party wall (see 357 E. Seventy-sixth St. Corp. v Knickerbocker Ice Co., 263 NY 63, 66-67; 211 W. 61st St. Condominium, Inc. v New York City Hous. Auth., 146 AD3d 484, 485).
Further, the plaintiff demonstrated that her real property would be irreparably injured if the preliminary injunction is withheld, and the balance of the equities weighed in her favor (see Arcamone-Makinano v Britton Prop., Inc., 83 AD3d at 625).
The defendants' remaining contentions are without merit.
In light of our determination herein, pursuant to CPLR 6312(b), the plaintiff must post a new undertaking for the duration of the action until a final determination is rendered in this action (see 159 Smith, LLC v Boreum Hill Prop. Holdings, LLC, 191 AD3d 741, 742-743; CPLR 6312[b]). Under the circumstances of this case, we fix an undertaking in the sum of $1 million and remit the matter to the Supreme Court, Queens County, for further proceedings consistent with this determination (see e.g. Access Med. Group, P.C. v Straus Family Capital Group, LLC, 44 AD3d [*3]975, 975; Nature's Best Group v CPC Intl., 269 AD2d 578, 579).
CHAMBERS, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court