Matter of Boening v Nassau County Dept. of Assessment (2021 NY Slip Op 07282)





Matter of Boening v Nassau County Dept. of Assessment


2021 NY Slip Op 07282


Decided on December 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2018-09664
 (Index Nos. 1818/14, 10811/15, 221/17, 303/17, 318/17, 445/17, 623/17, 661/17, 668/17, 684/17, 2033/17, 600882/17)

[*1]In the Matter of Donald Boening, et al., respondents,
v
Nassau County Department of Assessment, et al., appellants. (Matter No. 1.)
In the Matter of Donald Boening, et al., respondents,
v
Nassau County Department of Assessment, et al., appellants. (Matter No. 2.)
Great American Realty of 2713, LLC, et al., respondents,
v
Edward P. Mangano, etc., et al., appellants. (Matter No. 3.)
In the Matter of Atlantic Beach Club, Inc., et al., respondents,
v
Nassau County Department of Assessment, et al., appellants. (Matter No. 4.)
In the Matter of 80 Seaview Boulevard, LLC, et al., respondents,
v
Nassau County Department of Assessment, et al., appellants. (Matter No. 5.)
In the Matter of Beechwood POB, LLC, et al., respondents,
v
James E. Davis, etc., et al., appellants. (Matter No. 6.)
Woodbury Realty Holdings Corp., et al., plaintiffs,
v
Edward P. Mangano, etc., et al., defendants. (Matter No. 7)
In the Matter of Sea Cove Equities, LLC, et al., respondents,
v
James E. Davis, etc., et al., appellants. (Matter No. 8.)
In the Matter of Kir Munsey Park 020, LLC, et al., respondents,
v
Nassau County Department of Assessment, et al., appellants. (Matter No. 9.)
In the Matter of Coma Realty Corp., et al., [*2]respondents,
v
James E. Davis, etc., et al., appellants. (Matter No. 10.)
In the Matter of Narine Ramlogan, et al., respondents,
v
James E. Davis, etc., et al., appellants. (Matter No. 11.)
In the Matter of Garden City Country Club, Inc., et al., petitioners,
v
James E. Davis, etc., et al., respondents. (Matter No. 12.)


Jessica Molinares Kalpakis, Acting County Attorney, Mineola, NY (Ken Maguire & Associates, PLLC [Kenneth R. Maguire], of counsel), for appellants.
Meyer, Suozzi, English & Klein, P.C., Garden City, NY (Michael P. Reynolds of counsel), for respondents in Matter No. 3.
Farrell Fritz, P.C., Uniondale, NY (Arthur K. Feldman and Hamutal G. Lieberman of counsel), for respondents in Matter No. 4.
Forchelli Deegan Terrana, LLP, Uniondale, NY (Michael A. Ciaffa of counsel), for respondents in Matter No. 5.
Schroder & Strom, LLP, Mineola, NY (Michele A. Pincus of counsel), for respondents in Matter No. 6.
Cronin & Cronin Law Firm, PLLC, Mineola, NY (Raymond Furey of counsel), for respondents in Matter No. 8.
Certilman Balin Adler & Hyman, LLP, East Meadow, NY (M. Allan Hyman, Dale Allinson, and Rebecca Sklar of counsel), for respondents in Matter No. 9.
Jaspan Schlesinger LLP, Garden City, NY (Andrew M. Mahony, Stanley A. Camhi, Joan M. Quinn, and Jillian L. McNeil of counsel), for respondents in Matter No. 11.



DECISION & ORDER
In twelve related matters, the appeal is from an order of the Supreme Court, Nassau County (Anthony Marano, J.), entered June 7, 2018. The order, insofar as appealed from, denied that branch of the appellants' motion which was for a preliminary injunction directing the filing of statements required by Nassau County Administrative Code § 6-30.0 for the years 2013 through 2017.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Nassau County Administrative Code § 6-30.0 (hereinafter the ASIE law) was enacted in 2004 to require owners of income-producing properties to file an "Annual Survey of Income and Expenses" statement (hereinafter an ASIE statement). In 2013, the Nassau County Legislature enacted Local Law 8-2013, which amended the penalty imposed by the ASIE law for a failure to file an ASIE statement (see Nassau County Administrative Code § 6-30.0[f], [j]). Various owners of income-producing properties in Nassau County (hereinafter collectively the owners) thereafter commenced twelve separate proceedings, actions, and hybrid proceedings and actions, each [*3]challenging the constitutionality of the ASIE law. In May 2018, the appellants moved in all twelve matters, inter alia, for a preliminary injunction directing the owners to file their ASIE statements for the years 2013 through 2017. The Supreme Court denied that branch of the appellants' motion, and this appeal ensued.
"'The party seeking a preliminary injunction must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor'" (X & Y Dev. Group, LLC v Epic Tower, LLC, 196 AD3d 733, 734, quoting Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840). "The decision to grant a preliminary injunction is a matter ordinarily committed to the sound discretion of the court hearing the motion" (159 Smith, LLC v Boreum Hill Prop. Holdings, LLC, 191 AD3d 741, 742 [internal quotation marks omitted]). "[A]bsent extraordinary circumstances, a preliminary injunction will not issue where to do so would grant the movant the ultimate relief to which he or she would be entitled in a final judgment" (Berman v TRG Waterfront Lender, LLC, 181 AD3d 783, 784-785 [internal quotation marks omitted]).
Here, the appellants also moved for leave to amend their answers to assert counterclaims to compel the owners to comply with the ASIE law, and the Supreme Court granted that branch of their motion. The branch of the appellants' motion which was for a preliminary injunction sought the ultimate relief that the appellants sought on those counterclaims (see Shake Shack Fulton St. Brooklyn, LLC v Allied Prop. Group, LLC, 177 AD3d 924, 927; Matter of Wheaton/TMW Fourth Ave., LP v New York City Dept. of Bldgs., 65 AD3d 1051, 1052). Additionally, the appellants failed to demonstrate a probability of success on the merits, irreparable injury in the absence of an injunction, and a balance of equities in their favor (see e.g. Berman v TRG Waterfront Lender, LLC, 181 AD3d at 785). Under these circumstances, the court providently exercised its discretion in denying that branch of the appellants' motion which was for a preliminary injunction.
The parties' remaining contentions either need not be reached in light of our determination, are improperly raised for the first time on appeal, or are without merit.
DILLON, J.P., BARROS, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court