154 E. 62 LLC v Normanus Realty LLC (2025 NY Slip Op 00718)

154 E. 62 LLC v Normanus Realty LLC

2025 NY Slip Op 00718

Decided on February 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 06, 2025

Before: Manzanet-Daniels, J.P., Moulton, Mendez, Shulman, Higgitt, JJ. 

Index No. 160329/21 152586/23 Appeal No. 3640-3641-3642 Case No. 2023-04010 2023-04011 2024-00064 

[*1]154 E. 62 LLC, Plaintiff-Appellant,
v
Normanus Realty LLC, Defendant-Respondent.
In the Matter of Normanus Realty LLC, Petitioner-Respondent,
v
154 E. 62 LLC, Respondent-Appellant.

Herrick, Feinstein LLP, New York (Scott E. Mollen of counsel), for appellant.
Windels Marx Lane & Mittendorf, LLP, New York (Joshua G. Oberman of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.) entered July 6, 2023, which, to the extent appealed from as limited by the briefs, denied the motion of plaintiff/respondent 154 E. 62 LLC (62 LLC) for summary judgment seeking specific performance of certain work under the parties' 2019 license agreement and found the 2019 agreement had expired by its terms, unanimously modified, on the law, to grant summary judgment to 62 LLC on its cause of action for specific performance and to clarify that only the temporary license under paragraph 1(II)(b) of the parties' 2019 agreement expired, and otherwise affirmed, without costs. Order, same court and Justice, entered July 6, 2023, which denied 62 LLC's cross-motion to dismiss the Real Property Action and Proceedings Law § 881 license proceeding by defendant/petitioner Normanus Realty LLC, unanimously affirmed, without costs. Order, same court and Justice, entered December 4, 2023, which granted Normanus's license petition under RPAPL 881, unanimously modified, on the law, to set the monthly license fee at $6,000 per month for the first six months that the temporary protections permitted by the license are on plaintiff's property, increasing to $7,500 per month after the first six months until all the protections are removed from plaintiff's property, and to clarify that the term granting a permanent license for underpinning to Normanus under the parties' 2019 agreement did not expire, and otherwise affirmed, without costs.
In the plenary action, Supreme Court correctly determined that the license term of the parties' 2019 agreement expired under paragraph 1(II)(b) and was not extended. However, the court should have granted summary judgment in favor of 62 LLC on its claim for specific performance of the installation of anchor points to permit 62 LLC's installation of a trellis under paragraphs 1(I)(c) and 8(I) of the 2019 agreement upon the issuance of the new license (see U.S. Bank N.A. v GreenPoint Mtge. Funding, Inc., 157 AD3d 93, 100 [1st Dept 2017]). Paragraph 8(I) of the 2019 agreement expressly states that the trellis anchor point installation was "part of the consideration" for the 2019 agreement, and the parties entered into a contemporaneous agreement containing specific terms for the mutual performance of this work, neither of which purported to expire. Given that the 2019 agreement related to matters beyond the license term, such as a permanent license to Normanus for the underpinning performed on 62 LLC's property and the parties' mutual releases, there was no basis to find that the entire agreement expired; rather, only the temporary license under paragraph 1(II)(b) expired. Normanus has repeatedly agreed that it remains bound to perform the trellis work, and it has been granted a license to enter 62 LLC's property (see EMF Gen. Contr. Corp. v Bisbee, 6 AD3d 45, 51 [1st Dept 2004], lv dismissed 3 NY3d 656 [2004], lv denied 3 NY3d 607 [2004]).
As to the RPAPL 881 license proceeding[*2], Supreme Court providently exercised its discretion in granting a license based on the expiration of the 2019 agreement's license term and in denying 62 LLC's cross-motion. As 62 LLC acknowledges, the order granting the petition included essentially all of its requested relief except the amount of the license fee.
Supreme Court improvidently exercised its discretion at setting a monthly license fee of $4,500 per month, increasing to $6,000 per month after the first six months, as RPAPL 881 "is designed to strike a balance between the petitioner's interest in improving its property and the harm to the adjoining property owner's enjoyment of its property" (Matter of Panasia Estate, Inc. v 29 W. 19 Condominium, 204 AD3d 33, 38 [1st Dept 2022], lv denied 38 NY3d 1125 [2022]). Therefore, we modify the December 4, 2023 order to set a monthly license fee at $6,000 per month for the first six months, increasing to $7,500 per month after the first six months until all the protections are removed from plaintiff's property, and to clarify that the 2019 agreement's permanent license for underpinning did not expire, rendering those terms in the new license awarded by the court unnecessary. As discussed above, the 2019 agreement's settlement terms did not expressly expire, including the permanent license to underpin under paragraph 9. In addition, the underpinning here is permanent and therefore outside the scope of a temporary RPAPL 881 license (see e.g. Madison 96th Assoc., LLC v 17 E. 96th Owners Corp., 121 AD3d 605, 608 [1st Dept 2014]).
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 6, 2025