Kosek v Engel (2025 NY Slip Op 04889)

Kosek v Engel

2025 NY Slip Op 04889

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
PHILLIP HOM, JJ.

2022-02345
 (Index No. 507542/21)

[*1]Jason Kosek, et al., respondents,
vJoseph Engel, et al., appellants.

Anthony M. Bramante, Brooklyn, NY, for appellants.
Shpigel Law, P.C., Brooklyn, NY (Irina Shpigel of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for injunctive relief and to recover damages for private nuisance, the defendants appeal from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated March 10, 2022. The order, insofar as appealed from, granted the plaintiffs' motion for a preliminary injunction to the extent of enjoining the defendants from making, causing, or permitting to be made or caused, from their household, any music, or other sounds, via stereo, speaker, or any device, in excess of 42 decibels.
ORDERED that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Kings County, to fix an appropriate undertaking pursuant to CPLR 6312.
The plaintiffs and the defendants are the respective owners of neighboring residences in Brooklyn that share a common wall. In March 2021, the plaintiffs commenced this action against the defendants to recover damages for violation of Civil Rights Law § 52-a and private nuisance, and to permanently enjoin the defendants from, inter alia, permitting unreasonable and disturbing noise from the defendants' residence to permeate the plaintiffs' residence. Thereafter, the plaintiffs moved for a preliminary injunction. In an order dated March 10, 2022, the Supreme Court granted the plaintiff's motion for a preliminary injunction to the extent of enjoining the defendants from making, causing, or permitting to be made or caused, from their household, any music, or other sounds, via stereo, speaker, or any device, in excess of 42 decibels. The defendants appeal.
"'To obtain a preliminary injunction, a movant must establish (1) a likelihood of ultimate success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) a balancing of the equities in the movant's favor'" (Samaha v Brooklyn Bridge Park Corp., 230 AD3d 608, 610, quoting Arcamone-Makinano v Britton Prop., Inc., 83 AD3d 623, 624). "'As a general rule, the decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court'" (Commissioner of N.Y. State Dept. of Transp. v Polite, 236 AD3d 82, 114, quoting Shake Shack Fulton St. Brooklyn, LLC v Allied Prop. Group, LLC, 177 AD3d 924, 927; see Boyd v Assanah, 210 AD3d 855, 856). "'The mere existence of an issue of fact will not itself be grounds for the denial of the motion'" (Samaha v Brooklyn Bridge Park Corp., 230 AD3d at 609, quoting Arcamone-Makinano v Britton Prop., Inc, 83 AD3d at 625; see CPLR 6312[c]).
Here, the Supreme Court providently exercised its discretion in granting the plaintiffs' motion for a preliminary injunction to the extent indicated. The plaintiffs demonstrated a likelihood of success on the merits, irreparable injury absent the preliminary injunction, and that the balance of the equities favored the injunctive relief granted (see Samaha v Brooklyn Bridge Park Corp., 230 AD3d at 608-609; Ferdinand v Salino, 170 AD3d 670, 672; 61 W. 62 Owners Corp. v CGM EMP LLC, 77 AD3d 330, 335, mod. 16 NY3d 822).
However, CPLR 6312(b) provides that, upon the granting of a preliminary injunction, a plaintiff "shall give an undertaking in an amount to be fixed by the court." "Thus, [w]hile fixing the amount of an undertaking when granting a motion for a preliminary injunction is a matter within the sound discretion of the court, CPLR 6312(b) clearly and unequivocally requires the party seeking an injunction to give an undertaking" (Huang v Shih, 164 AD3d 1298, 1298 [internal quotation marks omitted]; see 159 Smith, LLC v Boreum Hill Prop. Holdings, LLC, 191 AD3d 741, 742-743). Here, the Supreme Court did not fix the amount of an undertaking that the plaintiffs are required to give. Thus, the matter must be remitted to the Supreme Court, Kings County, to fix the amount of the undertaking (see 159 Smith, LLC v Boreum Hill Prop. Holdings, LLC, 191 AD3d at 742-743).
MILLER, J.P., DOWLING, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court