Matter of Potter v Incorporated Vil. of Ocean Beach (2026 NY Slip Op 00511)

Matter of Potter v Incorporated Vil. of Ocean Beach

2026 NY Slip Op 00511

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JANICE A. TAYLOR
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-02945
 (Index No. 604776/24)

[*1]In the Matter of Philip G. Potter, appellant,
vIncorporated Village of Ocean Beach, respondent- respondent, et al., respondents.

Kosakoff & Cataldo LLP, Melville, NY (Michael Stanton and Jessica Guzzo of counsel), for appellant.
Bee Ready Fishbein Hatter and Donovan, LLP, Mineola, NY (Theodore Goralski of counsel), for respondent-respondent.
In a proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the Incorporated Village of Ocean Beach to reinstate a certificate of occupancy, the petitioner appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated April 17, 2024. The order, insofar as appealed from, granted that branch of the cross-motion of the Incorporated Village of Ocean Beach which was to direct the petitioner to provide the Building Inspector of the Incorporated Village of Ocean Beach with access to the subject property for an inspection pursuant to Code of Village of Ocean Beach § 64-14 and, in effect, denied the petitioner's motion for a preliminary injunction directing the Incorporated Village of Ocean Beach to reinstate the certificate of occupancy.

DECISION & ORDER
Motion by the petitioner, inter alia, for leave to appeal to this Court from the order dated April 17, 2024. By decision and order on motion of this Court dated September 25, 2024, that branch of the motion which is for leave to appeal to this Court from the order dated April 17, 2024, was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is for leave to appeal to this Court from the order dated April 17, 2024, is granted; and it is further,
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2009, the petitioner acquired certain real property located in the Incorporated Village of Ocean Beach and obtained a building permit to demolish the existing structure on the property and to construct a new residence. A certificate of occupancy dated July 2, 2010, was issued for the residence. However, the certificate of occupancy was revoked in July 2011 by the Village Building Inspector. The Building Inspector explained in a letter to the petitioner that in reviewing [*2]a recent request by the petitioner, the Building Inspector noticed that a final survey following the construction had never been submitted to the Village. Upon obtaining the final survey, the Building Inspector determined that there were violations of the Code of the Village of Ocean Beach (hereinafter the Village Code) and discrepancies between the plans submitted and what was built, and that the violations needed to be cured before a certificate of occupancy could issue. Subsequently, the petitioner was notified that additional violations of the Village Code, as well as violations of the Residential Code of New York State, had been discovered.
In June 2014, a hearing was held before a hearing officer on the issue of the revocation of the certificate of occupancy. Following the hearing, the hearing officer issued a report and recommendation to the Village Mayor and Village Board of Trustees in which the hearing officer found that the certificate of occupancy had been issued in error, as there were violations of the Village Code and the Residential Code of New York State, and recommended that the Village revoke the certificate of occupancy.
In 2020, the petitioner and another owner of the property commenced an action, inter alia, for a judgment declaring that the certificate of occupancy dated July 2, 2010, is valid and in full force and effect. In an order dated March 2, 2021, the Supreme Court determined that the Village failed to make a final determination as to the revocation of the certificate of occupancy following the hearing officer's report and recommendation. The court denied the petitioner's application for a declaratory judgment as premature and directed the Village Board of Trustees to conduct a public hearing and thereafter make a new determination on the revocation of the certificate of occupancy.
In February 2024, the petitioner commenced this proceeding against the Village, among others, pursuant to CPLR article 78, among other things, in the nature of mandamus to compel the Village to reinstate the certificate of occupancy. The petitioner moved for a preliminary injunction directing the Village to reinstate the certificate of occupancy. The Village cross-moved, inter alia, to direct the petitioner to provide the Building Inspector with access to the property for an inspection pursuant to Village Code § 64-14. The Village contended that the Village Board of Trustees had been unable to comply with so much of the order dated March 2, 2021, as directed it to conduct a public hearing and make a new determination on the revocation of the certificate of occupancy because it had been unable to inspect the petitioner's property, which was necessary to render a determination on the issue of the certificate of occupancy. The Village submitted evidence that it had attempted to arrange for an inspection, but the petitioner had not complied with the Village's requests. In an order dated April 17, 2024, the Supreme Court, among other things, granted that branch of the Village's cross-motion and, in effect, denied the petitioner's motion. The petitioner appeals.
Contrary to the petitioner's contention, the Supreme Court properly granted that branch of the Village's cross-motion which was to direct the petitioner to provide the Building Inspector with access to the property for an inspection so that the Village Board of Trustees could conduct a public hearing and make a new determination on the revocation of the certificate of occupancy (see Village Code § 64-14).
"The party seeking a preliminary injunction must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor" (Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840; see CPLR 6301). The purpose of a preliminary injunction is to maintain the status quo, not to determine the ultimate rights of the parties (see Matter of St. Michael's Home v Valmas, 230 AD3d 1320, 1322; Shake Shack Fulton St. Brooklyn, LLC v Allied Prop. Group, LLC, 177 AD3d 924, 927). "Absent extraordinary circumstances, a preliminary injunction will not issue where to do so would grant the movant the ultimate relief to which he or she would be entitled in a final judgment" (Matter of St. Michael's Home v Valmas, 230 AD3d at 1322 [alteration and internal quotation marks omitted]; see Bilgrei v North Shore Tower Apts., Inc., 228 AD3d 814, 815).
Here, the petitioner failed to demonstrate extraordinary circumstances justifying the relief sought in his motion for a preliminary injunction, which amounted to the ultimate relief sought [*3]in the petition (see Matter of Boening v Nassau County Dept. of Assessment, 200 AD3d 973, 974; Shake Shack Fulton St. Brooklyn, LLC v Allied Prop. Group, LLC, 177 AD3d at 927-928). Moreover, the petitioner failed to demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction, and a balance of equities in his favor (see Matter of Boening v Nassau County Dept. of Assessment, 200 AD3d at 974-975). The petitioner's remaining contentions are without merit. Accordingly, the Supreme Court properly, in effect, denied the petitioner's motion for a preliminary injunction directing the Village to reinstate the certificate of occupancy.
BRATHWAITE NELSON, J.P., TAYLOR, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court